# EXHIBIT 3

10/23/24, 12:52 PM  Case Pending No. 68 Document 17 CM/ECF NextGen 1.8 (rev. 1.8.1) - U.S. District Court, Northern Illinois  Filed 10/23/24 Page 2 of 18

COLE

# United States District Court
## Northern District of Illinois - CM/ECF NextGen 1.8 (rev. 1.8.1) (Chicago)
### CIVIL DOCKET FOR CASE #: 1:24-cv-09106

Dawar v. Sam's West, Inc. et al  
Assigned to: Honorable Jeremy C. Daniel  
Demand: $9,999,000  
Cause: 28:1332 Diversity-Fraud

Date Filed: 09/27/2024  
Jury Demand: Plaintiff  
Nature of Suit: 370 Other Fraud  
Jurisdiction: Diversity

### Plaintiff

**Rajat Dawar**  
*individually and on behalf of all others similarly situated*

represented by **Brittany Scott**  
Bursor & Fisher, P.a.  
1990 N. California Blvd., Suite 940  
Walnut Creek, CA 94596  
(925) 300-4455  
Fax: Not a member  
Email: bscott@bursor.com  
*ATTORNEY TO BE NOTICED*

**Timothy J. Peter**  
Faruqi & Faruqi Llp  
1617 Jfk Blvd., Ste. 1550  
Philadelphia, PA 19103  
(215) 277-5770  
Fax: Not a member  
Email: tpeter@faruqilaw.com  
*ATTORNEY TO BE NOTICED*

**Neal J. Deckant**  
Bursor & Fisher, P.a.  
1990 N. California Blvd., Suite 940  
Walnut Creek, CA 94596  
(925) 300-4455  
Fax: Not a member  
Email: ndeckant@bursor.com  
*ATTORNEY TO BE NOTICED*

V.

### Defendant

**Sam's West, Inc.**

### Defendant

**Sam's East, Inc.**

| Date Filed | # | Docket Text |
|---|---|---|

| 09/27/2024 | 1 | COMPLAINT filed by Rajat Dawar; Jury Demand. Filing fee $ 405, receipt number AILNDC-22534230. (Attachments: # 1 Civil Cover Sheet)(Deckant, Neal) (Entered: 09/27/2024) |
|---|---|---|
| 09/27/2024 | | CASE ASSIGNED to the Honorable Jeremy C. Daniel. Designated as Magistrate Judge the Honorable Jeffrey Cole. Case assignment: Random assignment. (Civil Category 1). (bi, ) (Entered: 09/27/2024) |
| 09/27/2024 | | CLERK'S NOTICE: Pursuant to Local Rule 73.1(b), a United States Magistrate Judge of this court is available to conduct all proceedings in this civil action. If all parties consent to have the currently assigned United States Magistrate Judge conduct all proceedings in this case, including trial, the entry of final judgment, and all post-trial proceedings, all parties must sign their names on the attached Consent To form. This consent form is eligible for filing only if executed by all parties. The parties can also express their consent to jurisdiction by a magistrate judge in any joint filing, including the Joint Initial Status Report or proposed Case Management Order. (bi, ) (Entered: 09/27/2024) |
| 09/30/2024 | 2 | ATTORNEY Appearance for Plaintiff Rajat Dawar by Brittany Scott (Scott, Brittany) (Entered: 09/30/2024) |
| 09/30/2024 | 3 | ATTORNEY Appearance for Plaintiff Rajat Dawar by Neal J. Deckant (Deckant, Neal) (Entered: 09/30/2024) |
| 09/30/2024 | 4 | ATTORNEY Appearance for Plaintiff Rajat Dawar by Timothy J. Peter (Peter, Timothy) (Entered: 09/30/2024) |
| 10/03/2024 | | SUMMONS Issued as to Defendants Sam's East, Inc., Sam's West, Inc. (men, ) (Entered: 10/03/2024) |
| 10/11/2024 | 5 | SUMMONS Returned Executed by Rajat Dawar as to Sam's East, Inc. on 10/4/2024, answer due 10/25/2024. (Deckant, Neal) (Entered: 10/11/2024) |
| 10/11/2024 | 6 | SUMMONS Returned Executed by Rajat Dawar as to Sam's West, Inc. on 10/4/2024, answer due 10/25/2024. (Deckant, Neal) (Entered: 10/11/2024) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 10/23/2024 11:52:27 | | | |
| **PACER Login:** | tjpeter3777 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:24-cv-09106 |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RAJAT DAWAR, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br> v.<br><br>SAM'S WEST, INC. and SAM'S EAST, INC.,<br><br>      Defendant. | Case No.: |

Plaintiff Rajat Dawar ("Plaintiff"), on behalf of himself and all others similarly situated, brings this class action against Defendants Sam's West, Inc. ("Sam's West") and Sam's East, Inc. ("Sam's East", together with Sam's West, "Defendants"), based on Defendants' false and deceptive advertising and labeling of their avocado oil products. Plaintiff makes the following allegations based on the investigation of his counsel, and on information and belief, except as to allegations pertaining to Plaintiff individually, which are based on his personal knowledge.

## INTRODUCTION

1. During the statute of limitations period, Defendants marketed, labeled, advertised, and sold its Olivari Avocado Oil (the "Class Products") to consumers with packaging that prominently and unequivocally represents that the oil is "100% Pure [] Avocado Oil" (the "*Avocado Oil Representation*").

2. Reasonable consumers believe, based on the *Avocado Oil Representation*, that the Class Products are 100% pure avocado oil. However, unbeknownst to consumers, the Class Products are adulterated with other oils.

3. Plaintiff seeks relief in this action individually, and on behalf of all other similarly situated individuals who purchased the falsely and deceptively labeled Class Products during the

statute of limitations period, for violation of Illinois' Consumer Fraud Act §§ 815 ILCS 505/1, *et seq.*, breach of express warranty, and fraud.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d)(2). The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000, and there is diversity of citizenship between some members of the proposed Classes and Defendants.

5. This Court has personal jurisdiction over Defendants because Defendants have sufficient minimum contacts with the State of Illinois, and/or otherwise intentionally avail themselves of the State of Illinois, through the promotion, marketing, and sale of the Class Products in this State (including in this District) to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District. Specifically, Plaintiff purchased the Class Product in this District.

## PLAINTIFF

7. Plaintiff Dawar is a citizen and resident of the United States and the State of Illinois, he currently resides in Northfield, Illinois.

8. In the last year, Plaintiff purchased a bottle of Defendants' Olivari 100% Pure Avocado Oil from Sam's Club while residing in Northfield, Illinois. Plaintiff saw and relied on the *Avocado Oil Representation* in making his purchase. Plaintiff reasonably believed, based on the *Avocado Oil Representation*, that he was purchasing 100% pure avocado oil, and this belief was an important part of his decision to purchase the Class Product. Had Plaintiff known that the Class Product was adulterated with other oils and was not 100% pure avocado oil, he would not

have purchased it, or he would have paid less for it. Thus, Plaintiff has suffered injury in fact and lost money as a result of Defendants' misleading, false, unfair, and deceptive practices, as alleged herein.

9. Plaintiff will be unable to rely on the Class Products' *Avocado Oil Representation* in the future, and so will be unable to purchase the Class Products in the future, although she would like to. However, Plaintiff remains interested in purchasing 100% pure avocado oil products, intends on purchasing them in the future, and would consider purchasing Defendants' Class Products in the future if Defendants ensured that the *Avocado Oil Representation* was accurate and truthful.

## DEFENDANTS

10. Sam's West, Inc. is an Arkansas corporation with its headquarters and principal place of business in Bentonville, Arkansas. Sam's West is registered to do business in the state of Illinois.

11. Sam's East, Inc. is an Arkansas corporation with its headquarters and principal place of business in Bentonville, Arkansas. Sam's West is registered to do business in the state of Illinois.

12. Together, Defendants operate a chain of "membership warehouse club" retail stores for "everyday living" known as Sam's Club.[1] Defendants have "almost 600 clubs across the United States and Puerto Rico."[2]

13. Defendants are directly involved in the manufacturing, sale, and distribution of Class Products, and are responsible for the advertising, marketing, trade dress, and packaging of

---

[1] https://corporate.walmart.com/about/samsclub/company-and-leadership
[2] *Id.*

3

the Class Products. Defendants developed, marketed, and sold the Class Products during the class period.

14. Defendants have labeled, advertised, distributed, and sold the Class Products for sale at its locations in Illinois during the statute of limitations period under its private label brand.

## FACTUAL ALLEGATIONS

A. **The *Avocado Oil Representation* is False and Deceptive**

15. The Class Products consist of Olivari 100% Pure Avocado Oil. The Class Products are generally sold in 34 fluid ounce bottles. The *Avocado Oil Representation* is prominently displayed on the front label in the same manner on all Class Products, as depicted in the following representative images:



4

16. As can be seen from the above images, the *Avocado Oil Representation* conveys the unequivocal message that the Class Products are 100% pure avocado oil.

17. Moreover, the front label depicts an avocado cut open, adding to the effect of the representation.

18. This message is further reinforced by the ingredient list on the Class Products' back label, which lists "avocado oil" as the only ingredient:



19. Defendants do not disclose anywhere that the Class Products are adulterated with other oils. Thus, consumers reasonably believe the Class Products are 100% pure avocado oil.

5

20. The Class Products are not 100% pure avocado oil. Based on Plaintiff's investigation, the Class Products are not 100% pure avocado oil and are in fact adulterated. Thus, the claim is false and misleading.

### B. The *Avocado Oil Representation* is Material

21. The *Avocado Oil Representation* is material—*i.e.*, it is important to consumers with respect to their decision to purchase the Class Products.

22. Avocado oil is well-known to be one of the healthiest cooking oils. For example, studies have indicated that compounds in avocado oil may help protect the liver, lower blood pressure, LDL cholesterol, as well as reduce osteoarthritis-related joint pain, post-meal blood sugar, and total cholesterol levels.[3] It is also high in monounsaturated fat, which is considered more heart healthy than saturated fat while being slightly more stable than the polyunsaturated fats typically found in vegetable oils.[4] Avocado oil is also a high demand cooking oil because it has the highest smoke point of all plant-based cooking oils.[5]

23. Regardless of whether consumers believe avocado oil is superior to other oils, the issue of whether the avocado oil is pure or is adulterated is material to reasonable consumers. For example, consumers may be allergic to, or have other reasons for not consuming, certain oils. Consumers of the Class Products reasonably expect to know what type of oil they are consuming.

24. Consumers purchased, and continue to purchase, the Class Products in part because the *Avocado Oil Representation* conveys the unequivocal message that it is 100% pure avocado oil. Plaintiff and Class members would have paid less for the Class Products, or would

---

[3] https://www.healthline.com/nutrition/9-avocado-oil-benefits#TOC_TITLE_HDR_4 (last visited on February 20, 2024).
[4] https://www.masterclass.com/articles/what-is-avocado-oil-a-guide-to-cooking-with-avocado-oil (last visited on February 20, 2024).
[5] *Id.*

6

not have purchased them at all, if not for the *Avocado Oil Representation*. Therefore, Plaintiff and Class members have suffered a financial injury in the form of paying a price premium that the Class Products command in the market as a result of Defendants' representations that the Class Products are 100% pure avocado oil.

### C. The Class Products are Not 100% Pure Avocado Oil

25. On August 27, 2024, The Washington Post reported that "adulteration is rampant in the avocado oil industry, and many people are being misled by some of the nation's largest retail chains."[6]

26. The article discussed, in detail, the findings of studies conducted by scientists at the University of California at Davis ("UC Davis"). This UC Davis study was published in *Food Control*, an official scientific journal of the European Federation of Food Science and Technology and the International Union of Food Science and Technology.[7, 8]

27. The study revealed that the Class Products are not 100% pure avocado oil, but "tested impure."[9]

## CLASS ACTION ALLEGATIONS

28. Plaintiff brings this class action pursuant to Fed. R. Civ. P. 23, and all other applicable laws and rules, individually, and on behalf of all members of the following Classes:

---

[6] Anahad O'Connor and Aaron Steckleberg, *Why your avocado oil may be fake and contain other cheap oils*, The Washington Post, https://www.washingtonpost.com/wellness/2024/08/27/avocado-oil-adulteration-tests/ (last visited Aug. 30, 2024).
[7] Hilary S. Green and Selina C. Wang, *First report on quality and purity evaluations of avocado oil sold in the US*, 116 Food Control 107328 (Oct. 2020).
[8] Hilary S. Green and Selina C. Wang, *Purity and quality of private labelled avocado oil*, 152 Food Control 109837 (Oct. 2023).
[9] O'Connor and Steckleberg, *Why your avocado oil may be fake*, *supra*.

7

**Nationwide Class**

All natural persons who purchased at least one of the Class Products in the United States within the applicable statute of limitations period

**Illinois Subclass**

All natural persons who purchased at least one of the Class Products in the State of Illinois within the applicable statute of limitations period.

29. Excluded from the Classes are the following individuals and/or entities: Defendants and their parents, subsidiaries, affiliates, officers and directors, current or former employees, and any entity in which Defendants have a controlling interest; all individuals who make a timely election to be excluded from this proceeding using the correct protocol for opting out; and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

30. Plaintiff reserves the right to modify or amend the definition of the proposed Classes and/or add subclasses before the Court determines whether class certification is appropriate.

31. Plaintiff is a member of both classes.

32. <u>Numerosity</u>: The proposed Classes are so numerous that joinder of all members would be impractical. The Class Products are sold throughout the United States and the State of Illinois. The number of individuals who purchased Class Product during the relevant time period is at least in the hundreds. Accordingly, Class members are so numerous that their individual joinder herein is impractical. While the precise number of Class members and their identities are unknown to Plaintiff at this time, these Class members are identifiable and ascertainable.

33. <u>Common Questions Predominate:</u> There are questions of law and fact common to the proposed Classes that will drive the resolution of this action and will predominate over

8

questions affecting only individual Class members. These questions include, but are not limited to, the following:

- (a) Whether Defendants misrepresented material facts and/or failed to disclose material facts in connection with the packaging, marketing, distribution, and sale of the Class Products;

- (b) Whether Defendants' use of the challenged packaging, i.e., the *Avocado Oil Representation*, constituted false or deceptive advertising;

- (c) Whether Defendants engaged in unfair, unlawful and/or fraudulent business practices;

- (d) Whether Defendants' unlawful conduct, as alleged herein, was intentional and knowing;

- (e) Whether Plaintiff and the Classes are entitled to damages and/or restitution, and if so, in what amount;

- (f) Whether Plaintiff and the Classes are entitled to statutory damages, and if so, in what amount; and

- (g) Whether Plaintiff and the Classes are entitled to an award of reasonable attorneys' fees, interest, and costs of suit.

34. Defendants have engaged in a common course of conduct giving rise to violations of the legal rights sought to be enforced uniformly by Plaintiff on behalf of the proposed Classes. Similar or identical statutory and common law violations, business practices, and injuries are involved. The injuries sustained by members of the proposed Classes flow, in each instance, from a common nucleus of operative fact, namely, Defendants' deceptive packaging and advertising of the Class Products. Each instance of harm suffered by Plaintiff and Class members has directly resulted from a single course of unlawful conduct. Each Class member has been exposed to the same deceptive practice, as the packaging of Class Products: (a) bears the same material *Avocado Oil Representation*, and (b) the Class Products do not meet this representation of fact. Therefore, individual questions, if any, pale in comparison to the numerous common questions presented in this action.

35. <u>Superiority</u>: Because of the relatively small damages at issue for each individual Class member, no Class member could afford to seek legal redress on an individual basis. Furthermore, individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. A class action is superior to any alternative means of prosecution.

36. <u>Typicality</u>: The representative Plaintiff's claims are typical of those of the proposed Classes, as all members of the proposed Classes are similarly affected by Defendants' uniform unlawful conduct as alleged herein.

37. <u>Adequacy</u>: Plaintiff will fairly and adequately protect the interests of the proposed Classes as his interests do not conflict with the interests of the members of the proposed Classes he seeks to represent, and he has retained counsel competent and experienced in similar class action litigation. The interests of the members of the Classes will be fairly and adequately protected by the Plaintiff and his counsel.

38. Defendants have also acted, or failed to act, on grounds generally applicable to Plaintiff and the proposed Classes, supporting the imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes.

**COUNT I**
**Violation Of Illinois Consumer Fraud Act, §§ 815 ILCS 505/1, *et seq***
(*For the Illinois Subclass*)

39. Plaintiff hereby incorporates by reference and re-alleges herein the allegations contained in all preceding paragraphs of this complaint.

40. Plaintiff brings this claim individually and on behalf of the members of the proposed Illinois Subclass against Defendants.

41. The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), §§ 815 ILCS 505/1, *et seq.*, prohibits the use of unfair or deceptive business practices in the conduct of trade or commerce. The ICFA is to be liberally construed to effectuate its purpose.

42. Defendants intended that Plaintiff and each of the other members of the Illinois Subclass would rely upon their deceptive conduct, and a reasonable person would in fact be misled by this deceptive conduct.

43. As a result of Defendants' use or employment of unfair or deceptive acts or business practices, Plaintiff and each of the other members of the Illinois Subclass have sustained damages in an amount to be proven at trial.

44. In addition, Defendants' conduct showed malice, motive, and reckless disregard of the truth such that an award of punitive damages is appropriate.

## COUNT II
### Breach of Express Warranty
(*For all Classes*)

45. Plaintiff hereby incorporates by reference and re-alleges herein the allegations contained in all preceding paragraphs of this complaint.

46. Plaintiff brings this claim individually and on behalf of the members of the proposed Classes against Defendants.

47. On September 16, 2024, prior to filing of this Complaint, Plaintiff's counsel sent a letter to Defendants on behalf of Plaintiff and all other similarly situated individuals providing notice of breach of express warranty. The letter also demanded that Defendants cease and desist from such breach of warranties and make full restitution to purchasers of all monies received therefrom.

48. As the designer, manufacturer, marketer, distributor, and/or seller of the Class Products, Defendants issued an express warranty by representing to consumers at the point of

11

purchase that the Class Products were 100% pure avocado oil. Defendants' *Avocado Oil Representations* were part of the description of the goods and the bargain upon which the goods were offered for sale and purchased by Plaintiff and members of the Class and Illinois Subclass.

49. In fact, the Class Products do not conform to Defendants' *Avocado Oil Representation* because they are impure and are adulterated with other oils and are not 100% pure avocado oil. By falsely representing the Class Products in this way, Defendants breached express warranties.

50. As a direct and proximate result of Defendants' breach, Plaintiff and members of the Class and Illinois Subclass were injured because they: (1) paid money for the Class Products that were not what Defendants represented; (2) were deprived of the benefit of the bargain because the Class Products they purchased were different than Defendants advertised; and (3) were deprived of the benefit of the bargain because the Class Products they purchased had less value than Defendants represented. Had Defendants not breached the express warranty by making the false representations alleged herein, Plaintiff and members of the Class and Illinois Subclass would not have purchased the Class Products or would not have paid as much as they did for them.

## COUNT III
### Fraud
(*For all Classes*)

51. Plaintiff hereby incorporates by reference and re-alleges herein the allegations contained in all preceding paragraphs of this complaint.

52. Plaintiff brings this claim individually and on behalf of the members of the proposed Classes against Defendants.

53. Defendants affirmatively misrepresented to consumers that the Class Products were 100% pure avocado oil despite the fact the Class Products were adulterated with other oils

and are not 100% pure avocado oil.

54. The *Avocado Oil Representation* is material to a reasonable consumer because it relates to the quality, safety, utility, and healthfulness of the Class Products. A reasonable consumer attaches importance to such representations and is induced to act thereon in making purchasing decisions with respect to oil that is consumed—i.e., oil that is used for cooking or consumed raw.

55. At all relevant times, Defendants knew that the *Avocado Oil Representation* was misleading. Defendants intend for Plaintiff and other consumers to rely on the *Avocado Oil Representation*, as evidenced by Defendants intentionally and conspicuously placing it on the packaging of the Class Products. In the alternative, Defendants acted recklessly in making the *Avocado Oil Representation* without regard to the truth.

56. Plaintiff and members of the proposed Classes have reasonably and justifiably relied on Defendants' intentional misrepresentations (*i.e.*, the *Avocado Oil Representation*) when purchasing the Class Products, and had the correct facts been known, would not have purchased them at the prices at which they were sold in the market, or would not have purchased them at all.

57. Therefore, as a direct and proximate result of Defendants' intentional misrepresentations, Plaintiff and members of the Classes have suffered economic losses and other general and specific damages, including but not limited to the price premium for the Class Products, and any interest that would have accrued on those monies, all in an amount to be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff individually and on behalf of the proposed Classes, respectfully seek judgment against Defendants as follows:

A. Certification of this case as a class action on behalf of the Classes defined above, appointment of Plaintiff as Class representative, and appointment of his counsel as Class counsel; Certifying the nationwide Class, the Illinois Subclass, under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representatives of the Class and Illinois Subclass and Plaintiff's attorneys as Class Counsel to represent the Class and Subclass Members;

B. A declaration that Defendants' actions, as described herein, violate the laws described herein;

C. Finding in favor of Plaintiff, the nationwide Class and the Illinois Subclass, against Defendants on all counts asserted herein;

D. An award to Plaintiff and the proposed Classes of restitution and/or other equitable relief, including, without limitation, restitutionary disgorgement of all profits and unjust enrichment that Defendants obtained from Plaintiff and the proposed Classes as a result of its unlawful, unfair and fraudulent business practices described herein;

E. An award of all economic, monetary, actual, consequential, and compensatory damages caused by Defendants' conduct;

F. An award of punitive damages, statutory damages, and/or monetary fines, consistent with permissible law and pursuant to only those causes of action so permitted;

G. An award to Plaintiff and his counsel of reasonable expenses and attorneys' fees;

H. An award to Plaintiff and the proposed Classes of pre and post-judgment interest, to the extent allowable; and

I. For such further relief that the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all claims so triable.

Dated: September 27, 2024

Respectfully submitted,

**BURSOR & FISHER, P.A.**

By: _/s/ Neal J. Deckant_
      Neal J. Deckant

Neal J. Deckant*
Brittany S. Scott*
1990 N. California Blvd., 9th Floor
Walnut Creek, CA 94596
Tel: (925) 300-4455
Fax: (925) 407-2700

14

Email: ndeckant@bursor.com
bscott@bursor.com

**SMITH KRIVOSHEY, PLLC**
Joel D. Smith*
867 Boylston Street, 5th Floor, Ste. 1520
Boston, MA 02116
Phone: 617-377-7404
E-Mail: joel@skclassactions.com

**SMITH KRIVOSHEY, PLLC**
Yeremey O. Krivoshey*
166 Geary Street, Ste. 1500-1507
San Francisco, CA 94108
Phone: 415-839-7000
E-Mail: yeremey@skclassactions.com

**FARUQI & FARUQI, LLP**
Timothy J. Peter*
1617 JFK Boulevard, Suite 1550
Philadelphia, PA 19103
Phone: (267) 536-2145
E-Mail: tpeter@faruqilaw.com

**Generally Admitted*

*Attorneys for Plaintiff*

15