# EXHIBIT 7

# U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:24-cv-07095-MKV

Frost v. Aldi Inc.                                     Date Filed: 09/18/2024
Assigned to: Judge Mary Kay Vyskocil               Jury Demand: Plaintiff
Demand: $5,000,000                                 Nature of Suit: 370 Other Fraud
Cause: 28:1332 Diversity Action                    Jurisdiction: Diversity

**Plaintiff**

**Maggie Frost**                          represented by   **Neal Jamison Deckant**
*on behalf of herself and all others similarly*            Bursor & Fisher, P.A.
*situated*                                                 1990 North California Blvd., Suite 940
                                                           Walnut Creek, CA 94596
                                                           646-837-7165
                                                           Fax: 212-989-9163
                                                           Email: ndeckant@bursor.com
                                                           *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Aldi Inc.**

| Date Filed | # | Docket Text |
|---|---|---|
| 09/18/2024 | 1 | COMPLAINT against Aldi Inc.. (Filing Fee $ 405.00, Receipt Number ANYSDC-29914239)Document filed by Maggie Frost..(Deckant, Neal) (Entered: 09/18/2024) |
| 09/18/2024 | 2 | CIVIL COVER SHEET filed..(Deckant, Neal) (Entered: 09/18/2024) |
| 09/18/2024 | 3 | REQUEST FOR ISSUANCE OF SUMMONS as to Aldi Inc., re: 1 Complaint. Document filed by Maggie Frost..(Deckant, Neal) (Entered: 09/18/2024) |
| 09/19/2024 | | CASE OPENING INITIAL ASSIGNMENT NOTICE: The above-entitled action is assigned to Judge Mary Kay Vyskocil. Please download and review the Individual Practices of the assigned District Judge, located at https://nysd.uscourts.gov/judges/district-judges. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. Please download and review the ECF Rules and Instructions, located at https://nysd.uscourts.gov/rules/ecf-related-instructions..(jgo) (Entered: 09/19/2024) |
| 09/19/2024 | | Magistrate Judge Stewart D. Aaron is designated to handle matters that may be referred in this case. Pursuant to 28 U.S.C. Section 636(c) and Fed. R. Civ. P. 73(b)(1) parties are notified that they may consent to proceed before a United States Magistrate Judge. Parties who wish to consent may access the necessary form at the following link: https://nysd.uscourts.gov/sites/default/files/2018-06/AO-3.pdf. (jgo) (Entered: 09/19/2024) |
| 09/19/2024 | | Case Designated ECF. (jgo) (Entered: 09/19/2024) |
| 09/19/2024 | 4 | ELECTRONIC SUMMONS ISSUED as to Aldi Inc...(jgo) (Entered: 09/19/2024) |

| 09/24/2024 | [5](#) | SUMMONS RETURNED EXECUTED. Aldi Inc. served on 9/20/2024, answer due 10/11/2024. Document filed by Maggie Frost..(Deckant, Neal) (Entered: 09/24/2024) |
| 10/10/2024 | [6](#) | LETTER MOTION for Extension of Time *for Defendant to respond to the Complaint* addressed to Judge Mary Kay Vyskocil from Neal J. Deckant dated October 10, 2024. Document filed by Maggie Frost..(Deckant, Neal) (Entered: 10/10/2024) |
| 10/10/2024 | [7](#) | ORDER granting [6](#) Letter Motion for Extension of Time. Granted. SO ORDERED. (Signed by Judge Mary Kay Vyskocil on 10/10/2024) (tg) (Entered: 10/10/2024) |
| 10/10/2024 | | Set/Reset Deadlines: Aldi Inc. answer due 11/6/2024. (tg) (Entered: 10/10/2024) |

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 10/23/2024 13:02:08 | | |
| **PACER Login:** | tjpeter3777 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:24-cv-07095-MKV |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MAGGIE FROST, on behalf of herself and all others similarly situated, | Civil Action No.: |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| | **JURY TRIAL DEMANDED** |
| v. | |
| ALDI INC., | |
| Defendant. | |

Plaintiff Maggie Frost ("Plaintiff"), on behalf of herself and all others similarly situated, brings this class action against Defendant ALDI Inc. ("ALDI" or "Defendant"), based on ALDI's false and deceptive advertising and labeling of its avocado oil products. Plaintiff makes the following allegations based on the investigation of her counsel, and on information and belief, except as to allegations pertaining to Plaintiff individually, which are based on her personal knowledge.

<u>**INTRODUCTION**</u>

1.     During the statute of limitations period, ALDI has marketed, labeled, advertised, and sold its Simply Nature 100% Pure Avocado Oil (the "Class Products") to consumers with packaging that prominently and unequivocally represents that the oil is "100% Pure Avocado Oil" (the "*Avocado Oil Representation*").

2.     Reasonable consumers believe, based on the *Avocado Oil Representation*, that the Class Products are 100% pure avocado oil. However, unbeknownst to consumers, the Class Products are adulterated with other oils.

3.     Plaintiff seeks relief in this action individually, and on behalf of all other similarly situated individuals who purchased the falsely and deceptively labeled Class Products during the

1

statute of limitations period, for violations of New York's Gen. Bus. Law ("GBL") § 349 and 350, breach of express warranty, and fraud.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d)(2).  The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000, and there is diversity of citizenship between some members of the proposed Classes and ALDI.

5.      This Court has personal jurisdiction over ALDI because ALDI has sufficient minimum contacts with the State of New York, and/or otherwise intentionally avails itself of the State of New York, through the promotion, marketing, and sale of the Class Products in this State (including in this District) to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District. Specifically, Plaintiff purchased the Class Product in this District.

## PLAINTIFF

7.      Plaintiff is a citizen and resident of the United States and the State of New York. she currently resides in New York, New York.

8.      On or around August 30, 2024, Plaintiff purchased a 17 fluid ounce bottle of ALDI's Simply Nature 100% Pure Avocado Oil at an ALDI retail store in New York, New York. Plaintiff saw and relied on the *Avocado Oil Representation* in making her purchase.  Plaintiff reasonably believed, based on the *Avocado Oil Representation*, that she was purchasing 100% pure avocado oil, and this belief was an important part of her decision to purchase the Class Product.  Had Plaintiff known that the Class Product was adulterated with other oils and was not

2

100% pure avocado oil, she would not have purchased it, or she would have paid less for it.

Thus, Plaintiff has suffered injury in fact and lost money as a result of ALDI's' misleading, false,

unfair, and deceptive practices, as alleged herein.

## DEFENDANT

9.      ALDI Inc. is an Illinois corporation with its headquarters and principal place of

business in Batavia, Illinois.  ALDI is "one of the biggest and best-known retailers worldwide[,]"

with over 2,338 stores the United States alone.[1]  ALDI claims its "business model is simple:

great quality at the best price, fair and honest product offers[.]"[2]

10.      ALDI is directly involved in the manufacturing, sale, and distribution of Class

Products, and is responsible for the advertising, marketing, trade dress, and packaging of the

Class Products.  ALDI developed, marketed, and sold the Class Products during the class period.

11.      ALDI has labeled, advertised, distributed, and sold the Class Products for sale at

its locations in New York during the statute of limitations period under its private label brand.

## FACTUAL ALLEGATIONS

A.      **The *Avocado Oil Representation* is False and Deceptive**

12.      The Class Products consist of ALDI's Simply Nature 100% Pure Avocado Oil.

The Class Products are generally sold in 17 fluid ounce bottles.  The *Avocado Oil Representation*

is prominently displayed on the front label in the same manner on all Class Products, as depicted

in the following representative images:

---

[1] https://sustainability.aldisouthgroup.com/about-aldi/national-markets

[2] https://corporate.aldi.us/fileadmin/fm-
dam/Corporate_Responsibility/CR_Updates/CR_Principles.pdf



13.     As can be seen from the above images, the *Avocado Oil Representation* conveys the unequivocal message that the Class Products are 100% pure avocado oil.

14.     Moreover, the front label depicts an avocado cut open, adding to the effect of the representation.

15.     This message is further reinforced by the ingredient list on the Class Products' back label, which lists "refined avocado oil" as the only ingredient:



**INGREDIENTS:** REFINED AVOCADO OIL. DIST. & SOLD EXCLUSIVELY BY: ALDI, BATAVIA, IL 60510

16.     ALDI does not disclose anywhere that the Class Products are adulterated with other oils.  Thus, consumers reasonably believe the Class Products are 100% pure avocado oil.

17.     The Class Products are not 100% pure avocado oil.  Based on Plaintiff's investigation, which includes testing and analysis of the Class Products performed by third party laboratories, the fatty acid profiles of the Class Products show that the Class Products are not 100% pure avocado oil and are in fact adulterated.  Thus, the claim is false and misleading.

**B.     The *Avocado Oil Representation* is Material**

18.     The *Avocado Oil Representation* is material—*i.e.*, it is important to consumers with respect to their decision to purchase the Class Products.[3]

19.     Avocado oil is well-known to be one of the healthiest cooking oils.  For example, studies have indicated that compounds in avocado oil may help protect the liver, lower blood pressure, LDL cholesterol, as well as reduce osteoarthritis-related joint pain, post-meal blood sugar, and total cholesterol levels.[4]  It is also high in monounsaturated fat, which is considered more heart healthy than saturated fat while being slightly more stable than the polyunsaturated fats typically found in vegetable oils.[5]  Avocado oil is also a high demand cooking oil because it has the highest smoke point of all plant-based cooking oils.[6]

20.     Regardless of whether consumers believe avocado oil is superior to other oils, the issue of whether the avocado oil is pure or is adulterated is material to reasonable consumers. For example, consumers may be allergic to, or have other reasons for not consuming, certain oils.  Consumers of the Class Products reasonably expect to know what type of oil they are consuming.

---

[3] For instance, a 17 fl.  oz.  bottle of the Class Product costs $6.05, or $0.36 per fluid ounce.  By contrast, a 25 fl.  oz.  bottle of ALDI Simply Nature 100% Grapeseed Oil costs $4.85, or $0.19 per fluid ounce.
[4] https://www.healthline.com/nutrition/9-avocado-oil-benefits#TOC_TITLE_HDR_4 (last visited on February 20, 2024).
[5] https://www.masterclass.com/articles/what-is-avocado-oil-a-guide-to-cooking-with-avocado-oil (last visited on February 20, 2024).
[6] *Id.*

21.     Consumers purchased, and continue to purchase, the Class Products in part because the *Avocado Oil Representation* conveys the unequivocal message that it is 100% pure avocado oil.  Plaintiff and Class members would have paid less for the Class Products, or would not have purchased them at all, if not for the *Avocado Oil Representation*.  Therefore, Plaintiff and Class members have suffered a financial injury in the form of paying a price premium that the Class Products command in the market as a result of ALDI's representations that the Class Products are 100% pure avocado oil.

**C.     Background on Fatty Acids and Standards of Identity**

22.     Fatty acids are lipids that are present in oils and fats, including cooking oils like avocado, canola, safflower, and sunflower oils.

23.     Each type of cooking oil contains a specific proportion of the various fatty acids, effectively creating a "fingerprint" identity unique to the oil.

**D.     The Class Products are Not 100% Pure Avocado Oil**

24.     Plaintiff has retained the services of a third-party laboratory to test the fatty acid profile of the Class Products.

25.     The third-party laboratory analyzed the fatty acid profiles of multiple samples of the Class Products.  The fatty acid profiles were then compared to fatty acid "fingerprints" of pure avocado oil.

26.     This laboratory testing revealed that the fatty acid profile of the Class Products does not match the "fingerprint" of pure avocado oil.  Accordingly, the laboratory testing revealed that the Class Products are not pure avocado oil, contrary to the *Avocado Oil Representation*.

**E.** **Recent Reporting Confirms that the Class Products are Not 100% Pure Avocado Oil**

27.     On August 27, 2024, The Washington Post reported that "adulteration is rampant in the avocado oil industry, and many people are being misled by some of the nation's largest retail chains."[7]

28.     The article discussed, in detail, the findings of studies conducted by scientists at the University of California at Davis ("UC Davis").  This UC Davis study was published in *Food Control*, an official scientific journal of the European Federation of Food Science and Technology and the International Union of Food Science and Technology.[8, 9]

29.     The study revealed that the Class Products are not 100% pure avocado oil, but "tested impure" and adulterated with "high oleic sunflower or safflower oil[.]"[10]

## CLASS ACTION ALLEGATIONS

30.     Plaintiff brings this class action pursuant to Fed.  R.  Civ.  P.  23, and all other applicable laws and rules, individually, and on behalf of all members of the following Classes:

> **Nationwide Class**
>
> All natural persons who purchased at least one of the Class Products in the United States within the applicable statute of limitations period
>
> **New York Subclass**
>
> All natural persons who purchased at least one of the Class Products in the State of New York within the applicable statute of limitations period.

---

[7] Anahad O'Connor and Aaron Steckleberg, *Why your avocado oil may be fake and contain other cheap oils*, The Washington Post, https://www.washingtonpost.com/wellness/2024/08/27/avocado-oil-adulteration-tests/ (last visited Aug.  30, 2024).
[8] Hilary S. Green and Selina C. Wang, *First report on quality and purity evaluations of avocado oil sold in the US*, 116 Food Control 107328 (Oct.  2020).
[9] Hilary S. Green and Selina C. Wang, *Purity and quality of private labelled avocado oil*, 152 Food Control 109837 (Oct. 2023).
[10] O'Connor and Steckleberg, *Why your avocado oil may be fake*, *supra*.

31.     Excluded from the Classes are the following individuals and/or entities: ALDI and its parents, subsidiaries, affiliates, officers and directors, current or former employees, and any entity in which ALDI has a controlling interest; all individuals who make a timely election to be excluded from this proceeding using the correct protocol for opting out; and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

32.     Plaintiff reserves the right to modify or amend the definition of the proposed Classes and/or add subclasses before the Court determines whether class certification is appropriate.

33.     Plaintiff is a member of both classes.

34.     <u>Numerosity</u>: The proposed Classes are so numerous that joinder of all members would be impractical.  The Class Products are sold throughout the United States and the State of New York.  The number of individuals who purchased Class Product during the relevant time period is at least in the hundreds.  Accordingly, Class members are so numerous that their individual joinder herein is impractical.  While the precise number of Class members and their identities are unknown to Plaintiff at this time, these Class members are identifiable and ascertainable.

35.     <u>Common Questions Predominate:</u> There are questions of law and fact common to the proposed Classes that will drive the resolution of this action and will predominate over questions affecting only individual Class members.  These questions include, but are not limited to, the following:

> (a)     Whether ALDI misrepresented material facts and/or failed to disclose material facts in connection with the packaging, marketing, distribution, and sale of the Class Products;

    (b)    Whether ALDI's use of the challenged packaging, i.e., the *Avocado Oil Representation*, constituted false or deceptive advertising;

    (c)    Whether ALDI engaged in unfair, unlawful and/or fraudulent business practices;

    (d)    Whether ALDI's unlawful conduct, as alleged herein, was intentional and knowing;

    (e)    Whether Plaintiff and the Classes are entitled to damages and/or restitution, and if so, in what amount;

    (f)    Whether Plaintiff and the Classes are entitled to statutory damages, and if so, in what amount; and

    (g)    Whether Plaintiff and the Classes are entitled to an award of reasonable attorneys' fees, interest, and costs of suit.

36.    ALDI has engaged in a common course of conduct giving rise to violations of the legal rights sought to be enforced uniformly by Plaintiff on behalf of the proposed Classes. Similar or identical statutory and common law violations, business practices, and injuries are involved. The injuries sustained by members of the proposed Classes flow, in each instance, from a common nucleus of operative fact, namely, ALDI's deceptive packaging and advertising of the Class Products. Each instance of harm suffered by Plaintiff and Class members has directly resulted from a single course of unlawful conduct. Each Class member has been exposed to the same deceptive practice, as the packaging of Class Products: (a) bears the same material *Avocado Oil Representation*, and (b) the Class Products do not meet this representation of fact. Therefore, individual questions, if any, pale in comparison to the numerous common questions presented in this action.

37.    <u>Superiority</u>: Because of the relatively small damages at issue for each individual Class member, no Class member could afford to seek legal redress on an individual basis. Furthermore, individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of

this case.  Individualized litigation also presents a potential for inconsistent or contradictory judgments.  A class action is superior to any alternative means of prosecution.

38.    <u>Typicality</u>: The representative Plaintiff's claims are typical of those of the proposed Classes, as all members of the proposed Classes are similarly affected by ALDI's uniform unlawful conduct as alleged herein.

39.    <u>Adequacy</u>: Plaintiff will fairly and adequately protect the interests of the proposed Classes as her interests do not conflict with the interests of the members of the proposed Classes she seeks to represent, and she has retained counsel competent and experienced in similar class action litigation.  The interests of the members of the Classes will be fairly and adequately protected by the Plaintiff and her counsel.

40.    ALDI has also acted, or failed to act, on grounds generally applicable to Plaintiff and the proposed Classes, supporting the imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes.

**COUNT ONE**
**Violation of New York's Gen. Bus. Law § 349**
***(On Behalf of the New York Subclass)***

41.    Plaintiff hereby incorporates by reference and re-alleges herein the allegations contained in all preceding paragraphs of this complaint.

42.    This cause of action is brought pursuant to New York's Gen.  Bus.  Law section 349, *et seq*., on behalf of Plaintiff and a New York Subclass who purchased the Class Products within the applicable statute of limitations.

43.    New York Gen.  Bus.  Law, sections 349, *et seq.*  prohibits the "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in th[e] state."

44.    ALDI, in its advertising and packaging of the Class Products, made false,

11

misleading, and deceptive representations and/or omissions about the purity of the Class Products to mislead consumers into believing the Class Products were 100% pure avocado oil, when they are not.

45.     ALDI's labeling and advertising of the Class Products led to, and continues to lead to, reasonable consumers, including Plaintiff, believing that the Class Products contain 100% pure avocado oil.

46.     ALDI used the *Avocado Oil Representation* with the intent to sell the Class Products to consumers, including Plaintiff and the New York Subclass.  The *Avocado Oil Representation* is false, and ALDI knew or should have known of its falsity.  The *Avocado Oil Representation* is likely to deceive consumers into purchasing the Class Products because they are material to the average, ordinary, and reasonable consumer.  ALDI  knew consumers would purchase the Class Products and/or pay more for them under the false – but reasonable – belief that the Class Products were 100% pure avocado oil, when they are not.  By advertising so prominently that the Class Products were 100% pure avocado oil, ALDI proves that information about the purity of the Class Products is material to consumers.  As a result of its deceptive acts and practices, ALDI has sold thousands, if not millions, of Class Products to unsuspecting consumers across New York.  If ALDI had advertised its Class Products truthfully and in a non-misleading fashion, Plaintiff and other New York Subclass Members would not have purchased it or would not have paid as much as they did for them.

47.     Plaintiff and the New York Subclass reasonably and detrimentally relied on the material and false *Avocado Oil Representation* to their detriment in that they purchased the Class Products.

48.     Plaintiff has standing to pursue this claim because she has suffered an injury-in-fact and has lost money or property as a result of ALDI's deceptive acts and practices.

Specifically, Plaintiff purchased the Class Product for her own personal use.  In doing so, Plaintiff relied upon ALDI's false, misleading, and deceptive representations that the Class Product was 100% pure avocado oil, when it was not.  Plaintiff spent money in the transaction that she otherwise would not have spent had she known the truth about ALDI's advertising claims.

49.     Plaintiff and the New York Subclass have suffered injury in fact and have lost money or property as a result of and in reliance upon ALDI's deceptive advertising—namely Plaintiff and the New York Subclass lost the price premium associated with the Class Products they bought from ALDI.

50.     As a direct and proximate result of ALDI's false, misleading, and deceptive representations and/or omissions, Plaintiff and members of the New York Subclass were harmed in that they: (1) paid money for the Class Products that were not what ALDI represented; (2) were deprived of the benefit of the bargain because the Class Products they purchased were different than ALDI advertised; and (3) were deprived of the benefit of the bargain because the Class Products they purchased had less value than if the *Avocado Oil Representation*, were truthful.  Accordingly, Plaintiff seeks to recover her actual damages or fifty (50) dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees.

### COUNT TWO
**Violation of New York's Gen. Bus. Law § 350**
**(*On Behalf of the New York Subclass*)**

51.     Plaintiff hereby incorporates by reference and re-alleges herein the allegations contained in all preceding paragraphs of this complaint.

52.     Plaintiff brings this claim individually and on behalf of the New York Subclass who purchased the Class Products within the applicable statute of limitations.

53.     The New York False Advertising Law, codified at Gen.  Bus.  Law section 350, *et*

*seq.*, prohibits advertising, including labeling, that "is misleading in a material respect."

54. ALDI violated section 350 when it advertised and marketed the Class Products through the unfair, deceptive, untrue, and misleading *Avocado Oil Representation* disseminated to the public through the Class Products' labeling, packaging and advertising. These representations were false because the Class Products do not conform to them. The representations were material because they are likely to mislead a reasonable consumer into purchasing the Class Products.

55. In making and disseminating the representations alleged herein, Defendant knew or should have known that the representations were untrue or misleading.

56. ALDI's *Avocado Oil Representation* was specifically designed to induce reasonable consumers, like Plaintiff and the New York Subclass, to purchase the Class Products.

57. Plaintiff has standing to pursue this claim because she has suffered an injury-in-fact and has lost money or property as a result of ALDI's deceptive acts and practices. Specifically, Plaintiff purchased the Class Product for her own personal use. In doing so, Plaintiff relied upon ALDI's false, misleading, and deceptive representations that her Class Product was 100% pure avocado oil, when it was not. Plaintiff spent money in the transaction that she otherwise would not have spent had she known the truth about ALDI's advertising claims.

58. As a direct and proximate result of ALDI's misconduct, Plaintiff and members of the New York Subclass were in that they: (1) paid money for Class Products that were not what ALDI represented; (2) were deprived of the benefit of the bargain because the Class Products they purchased were different than ALDI advertised; and (3) were deprived of the benefit of the bargain because the Class Products they purchased had less value than if ALDI's *Avocado Oil Representation* were truthful. Accordingly, on behalf of herself and members of the New York

Subclass, Plaintiff seeks to recover her actual damages or five hundred (500) dollars per violation, whichever is greater, three times actual damages, and reasonable attorneys' fees.

## COUNT THREE
### Breach of Express Warranty
### (*For all Classes*)

59.     Plaintiff hereby incorporates by reference and re-alleges herein the allegations contained in all preceding paragraphs of this complaint.

60.     Plaintiff brings this claim individually and on behalf of the members of the proposed Classes against ALDI.

61.     On September 6, 2024, prior to filing of this Complaint, Plaintiff's counsel sent a letter to ALDI  on behalf of Plaintiff and all other similarly situated individuals via certified mail, return receipt requested, providing notice of breach of express warranty.  The letter also demanded that ALDI cease and desist from such its breach of warranties and make full restitution to purchasers of all monies received therefrom.

62.     As the designer, manufacturer, marketer, distributor, and/or seller of the Class Products, ALDI issued an express warranty by representing to consumers at the point of purchase that the Class Products were 100% pure avocado oil.  ALDI's *Avocado Oil Representations* were part of the description of the goods and the bargain upon which the goods were offered for sale and purchased by Plaintiff and members of the Class and New York Subclass.

63.     In fact, the Class Products do not conform to ALDI's *Avocado Oil Representation* because they are impure and are adulterated with other oils and are not 100% pure avocado oil. By falsely representing the Class Products in this way, ALDI breached express warranties.

64.     As a direct and proximate result of ALDI's breach, Plaintiff and members of the Class and New York Subclass were injured because they: (1) paid money for the Class Products

15

that were not what ALDI represented; (2) were deprived of the benefit of the bargain because the

Class Products they purchased were different than ALDI advertised; and (3) were deprived of the

benefit of the bargain because the Class Products they purchased had less value than ALDI

represented.  Had ALDI not breached the express warranty by making the false representations

alleged herein, Plaintiff and members of the Class and New York Subclass would not have

purchased the Class Products or would not have paid as much as they did for them.

<h3 style="text-align:center"><u>COUNT FOUR</u><br>Fraud<br>(<i>For all Classes</i>)</h3>

65.    Plaintiff hereby incorporates by reference and re-alleges herein the allegations

contained in all preceding paragraphs of this complaint.

66.    Plaintiff brings this claim individually and on behalf of the members of the

proposed Classes against ALDI.

67.    ALDI affirmatively misrepresented to consumers that the Class Products were

100% pure avocado oil despite the fact the Class Products were adulterated with other oils and

are not 100% pure avocado oil.

68.    The *Avocado Oil Representation* is material to a reasonable consumer because it

relates to the quality, safety, utility, and healthfulness of the Class Products.  A reasonable

consumer attaches importance to such representations and is induced to act thereon in making

purchasing decisions with respect to oil that is consumed—i.e., oil that is used for cooking or

consumed raw.

69.    At all relevant times, ALDI knew that the *Avocado Oil Representation* was

misleading.  ALDI intends for Plaintiff and other consumers to rely on the *Avocado Oil

Representation*, as evidenced by ALDI intentionally and conspicuously placing it on the

packaging of the Class Products.  In the alternative, ALDI acted recklessly in making the

16

*Avocado Oil Representation* without regard to the truth.

70.     Plaintiff and members of the proposed Classes have reasonably and justifiably relied on ALDI's intentional misrepresentations (*i.e.*, the *Avocado Oil Representation*) when purchasing the Class Products, and had the correct facts been known, would not have purchased them at the prices at which they were sold in the market, or would not have purchased them at all.

71.     Therefore, as a direct and proximate result of ALDI's intentional misrepresentations, Plaintiff and members of the Classes have suffered economic losses and other general and specific damages, including but not limited to the price premium for the Class Products, and any interest that would have accrued on those monies, all in an amount to be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff individually and on behalf of the proposed Classes, respectfully seek judgment against ALDI as follows:

A.     Certification of this case as a class action on behalf of the Classes defined above, appointment of Plaintiff as Class representative, and appointment of her counsel as Class counsel; Certifying the nationwide Class, the New York Subclass, under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representatives of the Class and New York Subclass and Plaintiff's attorneys as Class Counsel to represent the Class and Subclass Members;

B.     A declaration that ALDI's actions, as described herein, violate the laws described herein;

C.     Finding in favor of Plaintiff, the nationwide Class and the New York Subclass, against ALDI on all counts asserted herein;

D.     An award to Plaintiff and the proposed Classes of restitution and/or other equitable relief, including, without limitation, restitutionary disgorgement of all profits and unjust enrichment that ALDI obtained from Plaintiff and the proposed Classes as a result of its unlawful, unfair and fraudulent business practices described herein;

E.     An award of all economic, monetary, actual, consequential, and compensatory damages caused by ALDI's conduct;

F.      An award of punitive damages, statutory damages, and/or monetary fines, consistent with permissible law and pursuant to only those causes of action so permitted;

G.      An award to Plaintiff and her counsel of reasonable expenses and attorneys' fees;

H.      An award to Plaintiff and the proposed Classes of pre and post-judgment interest, to the extent allowable; and

I.      For such further relief that the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff on behalf of herself and the proposed Classes, hereby demands a jury trial with respect to all issues triable of right by jury.

Dated: September 18, 2024                Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:   */s/ Neal J. Deckant*
            Neal J. Deckant

Neal J. Deckant
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
Email: ndeckant@bursor.com

*Attorneys for Plaintiff and the Putative Classes*