# EXHIBIT 8

Query    Reports    Utilities    Help    Log Out

CIVIL

# U.S. District Court
## Eastern District of California - Live System (Fresno)
## CIVIL DOCKET FOR CASE #: 1:24-cv-00374-KES-SKO

| | |
|---|---|
| Hawkins v. Walmart, Inc. | Date Filed: 03/29/2024 |
| Assigned to: District Judge Kirk E. Sherriff | Jury Demand: Defendant |
| Referred to: Magistrate Judge Sheila K. Oberto | Nature of Suit: 370 Other Fraud |
| Case in other court: Matthew Hawkins v. Walmart, Inc., CV65903 | Jurisdiction: Diversity |
| Cause: 28:1332 Diversity-Fraud | |

**Plaintiff**

**Matthew Hawkins**
*on behalf of himseld and all others similarly situated*

represented by **Aubry Wand**
The Wand Law Firm, P.C.
100 Oceangate
Ste 1200
Long Beach, CA 90802
310-590-4503
Email: awand@wandlawfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lisa Tamiko Omoto**
Faruqi & Faruqi, LLP
1901 Avenue of the Stars, Suite 1060
Suite 1060
Los Angeles, CA 90067
424-365-3225
Email: lomoto@faruqilaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Walmart, Inc,**
*a Corporation*

represented by **Heather F. Canner**
Davis Wright Tremaine LLP
865 S. Figueroa Street
Ste 24th Floor
Los Angeles, CA 90017
213-633-6800
Fax: 213-633-6899
Email: heathercanner@dwt.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jacob Michael Harper**
Davis Wright Tremaine LLP

865 S. Figueroa Street
Suite 2400
Los Angeles, CA 90017
213-633-6800
Fax: 213-633-6899
Email: jacobharper@dwt.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/29/2024 | 1 | NOTICE of REMOVAL from Superior Court of the State of California County of Tuolumne, case number CV65903 by Matthew Hawkins. (Filing fee $ 405, receipt number ACAEDC-11435979) (Attachments: # 1 Exhibit Exhibits 1 - 4, # 2 Civil Cover Sheet) (Canner, Heather) (Entered: 03/29/2024) |
| 03/29/2024 | 2 | CORPORATE DISCLOSURE STATEMENT by Defendant Walmart, Inc,. (Canner, Heather) (Entered: 03/29/2024) |
| 04/01/2024 | 3 | CIVIL NEW CASE DOCUMENTS ISSUED; *Initial Scheduling Conference set for 7/2/2024 at 09:30 AM in Courtroom 7 (SKO) before Magistrate Judge Sheila K. Oberto.* (Attachments: # 1 Standing Order, # 2 Consent Form, # 3 VDRP) (Maldonado, C) (Entered: 04/01/2024) |
| 04/01/2024 | 4 | STIPULATION and PROPOSED ORDER for Extend Time to Respond to Initial Complaint by Not More Than 28 Days and to Set a Briefing Schedule if Defendant Files a Motion to Dismiss by Walmart, Inc,. (Harper, Jacob) (Entered: 04/01/2024) |
| 04/04/2024 | 5 | STIPULATION and ORDER TO EXTEND TIME TO RESPOND TO INITIAL COMPLAINT BY NOT MORE THAN 28 DAYS [E.D. CAL. L.R. 144(a)] AND TO SET A BRIEFING SCHEDULE IF DEFENDANT FILES A MOTION TO DISMISS. Order signed by Magistrate Judge Sheila K. Oberto on 4/3/2024. (Kusamura, W) (Entered: 04/04/2024) |
| 04/22/2024 | 6 | CONSENT/DECLINE of U.S. Magistrate Judge Jurisdiction. Pursuant to Fed. R. Civ. P. 73(b)(1), this document is restricted to attorneys and court staff only. Judges do not have access to view this document and will be informed of a party's response only if all parties have consented to the referral. (Harper, Jacob) (Entered: 04/22/2024) |
| 04/24/2024 | 7 | MOTION to REMAND by Matthew Hawkins. Motion Hearing set for 6/10/2024 at 01:30 PM before District Judge Kirk E. Sherriff. (Attachments: # 1 Declaration of Lisa T. Omoto, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C)(Omoto, Lisa) (Entered: 04/24/2024) |
| 04/29/2024 | 8 | MOTION to DISMISS by Walmart, Inc,. Motion Hearing set for 8/26/2024 at 01:30 PM in Courtroom 6 (KES) before District Judge Kirk E. Sherriff. (Harper, Jacob) (Entered: 04/29/2024) |
| 05/08/2024 | 9 | OPPOSITION by Walmart, Inc, to 7 Motion to Remand. (Attachments: # 1 Declaration of Tommy Reed ISO Walmart's Opposition to Motion to Remand)(Harper, Jacob) (Entered: 05/08/2024) |
| 05/17/2024 | 10 | MINUTE ORDER signed by Magistrate Judge Sheila K. Oberto on 5/17/2024: (Text Only Entry) In light of the pending motion(s), the Initial Scheduling Conference currently set for 7/2/2024, is **CONTINUED to 12/10/2024, at 9:30 AM,** before Magistrate Judge Sheila K. Oberto. The parties SHALL file their joint scheduling report 7 days prior to the conference. (Kusamura, W) (Entered: 05/17/2024) |

| | | |
|---|---|---|
| 05/17/2024 | [11](#) | REPLY by Matthew Hawkins re [7](#) Motion to Remand. (Omoto, Lisa) (Entered: 05/17/2024) |
| 05/28/2024 | [12](#) | NOTICE *of Supplemental Authority Related to Pending Motion to Remand* by Walmart, Inc, re [9](#) Opposition to Motion. (Harper, Jacob) (Entered: 05/28/2024) |
| 06/06/2024 | 13 | MINUTE ORDER signed by District Judge Kirk E. Sherriff on 6/06/2024: (Text Only Entry) Plaintiff's [7](#) motion to remand is SUBMITTED without oral argument pursuant to Local Rule 230(g). Accordingly, the hearing currently set for 06/10/2024 is VACATED. The Court shall issue a written order. (Gonzales, V) (Entered: 06/06/2024) |
| 07/01/2024 | [14](#) | OPPOSITION by Matthew Hawkins to [8](#) Motion to Dismiss. (Omoto, Lisa) (Entered: 07/01/2024) |
| 07/11/2024 | [15](#) | NOTICE *of Supplemental Authority* by Matthew Hawkins re [14](#) Opposition to Motion. (Attachments: # [1](#) Exhibit 1) (Omoto, Lisa) (Entered: 07/11/2024) |
| 07/31/2024 | [16](#) | REPLY by Walmart, Inc, re [8](#) Motion to Dismiss. (Attachments: # [1](#) Declaration of Jacob Harper in Support of Walmart Inc.'s Reply in Support of Motion to Dismiss Complaint) (Harper, Jacob) (Entered: 07/31/2024) |
| 08/06/2024 | [17](#) | NOTICE *of Supplemental Authority* by Matthew Hawkins. (Attachments: # [1](#) Exhibit 1) (Omoto, Lisa) (Entered: 08/06/2024) |
| 08/22/2024 | 18 | MINUTE ORDER (Text Only Entry) signed by District Judge Kirk E. Sherriff on 8/22/2024: Defendant Walmart, Inc.'s [8](#) motion to dismiss is SUBMITTED without oral argument pursuant to Local Rule 230(g). Accordingly, the hearing currently set for 8/26/2024 is VACATED. The hearing may be reset if the court determines that oral argument is warranted. (Gonzales, V) (Entered: 08/22/2024) |
| 08/23/2024 | [19](#) | ORDER DENYING MOTION TO REMAND TO STATE COURT [7](#) signed by District Judge Kirk E. Sherriff on 8/22/2024. (Gonzales, V) (Entered: 08/23/2024) |
| 08/28/2024 | [20](#) | REQUEST for JUDICIAL NOTICE by Matthew Hawkins in re [14](#) Opposition to Motion. (Attachments: # [1](#) Declaration of Aubry Wand, # [2](#) Exhibit A) (Wand, Aubry) (Entered: 08/28/2024) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 10/23/2024 09:46:30 | | |
| **PACER Login:** | tjpeter3777 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:24-cv-00374-KES-SKO |
| **Billable Pages:** | 3 | **Cost:** | 0.30 |

https://ecf.caed.uscourts.gov/cgi-bin/DktRpt.pl?897788033962258-L_1_0-1

3/3

THE WAND LAW FIRM, P.C.
Aubry Wand (SBN 281207)
100 Oceangate, Suite 1200
Long Beach, CA 90802
Telephone: (310) 590-4503
Email: awand@wandlawfirm.com

FARUQI & FARUQI, LLP
Lisa T. Omoto (SBN 303830)
1901 Avenue of the Stars, Suite 1060
Los Angeles, CA 90067
Telephone: (424) 256-2884
Email: lomoto@faruqilaw.com

*Attorneys for Plaintiff and the Putative Classes*

**FILED**

FEB 20 2024

Superior Court of California
County of Tuolumne
by: _____ Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### COUNTY OF TUOLUMNE

CV65903

BY Fax

MATTHEW HAWKINS, on behalf of himself
and all others similarly situated,

　　　　Plaintiff,

　　v.

WALMART INC., a corporation; and DOES 1
through 10, inclusive,

　　　　Defendant.

CASE NO.: ____

**CLASS ACTION COMPLAINT**

1. Violation of California Consumers Legal Remedies Act
2. Violation of California False Advertising Law
3. Violation of California Unfair Competition Law
4. Breach of Express Warranty (Cal. Com. Code § 2313)
5. Breach of Implied Warranty (Cal. Com. Code § 2314)
6. Intentional Misrepresentation

**DEMAND FOR JURY TRIAL**

Plaintiff Matthew Hawkins ("Plaintiff"), on behalf of himself and all others similarly situated, brings this class action against Defendant Walmart Inc. ("Defendant" or "Walmart"), and Does 1 through 10, based on Walmart's false and deceptive advertising and labeling regarding its Avocado Oil Products. Plaintiff makes the following allegations based on the investigation of his counsel, and on information and belief, except as to allegations pertaining to Plaintiff individually, which are based on his personal knowledge.

## INTRODUCTION

1.    During the statute of limitations period, Walmart has marketed, labeled, advertised, and sold its Great Value Avocado Oil (the "Class Product(s)") to consumers with packaging that has prominently represented that it is avocado oil.

2.    The Class Products' packaging unequivocally states that the oil is "Avocado Oil" (the "*Avocado Oil Claim*").

3.    Reasonable consumers believe, based on the *Avocado Oil Claim*, that the Class Products are pure avocado oil. However, this is not the case. Unbeknownst to consumers, the Class Products are adulterated with other oils.

4.    Plaintiff seeks relief in this action individually, and on behalf of all other similarly situated individuals who purchased the falsely and deceptively labeled Class Products during the statute of limitations period, for violations of California's Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.*, California's False Advertising Law, Cal. Bus. & Prof. Code § 17500, *et seq.*, California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, breach of express and implied warranty (Cal. Com. Code §§ 2313-2314), and intentional misrepresentation (i.e., common law fraud).

## JURISDICTION AND VENUE

5.    This Court has personal jurisdiction over Walmart because Walmart has sufficient minimum contacts in California, or otherwise intentionally avails itself of the markets within California, through its sale of the goods and Class Products in California, including in this County.

6.    Venue is proper in this County pursuant to California Code of Civil Procedure § 395, *et seq.* and Cal. Civ. Code § 1780(d). Walmart regularly conducts business throughout this County

1  and it made the misrepresentations that had a substantial effect in this County. A substantial part of

2  the events or omissions giving rise to Plaintiff's claims occurred in this County. Plaintiff resides in

3  this County, and he purchased the Class Product in this County within the statute of limitations

4  period.

5  **PLAINTIFF**

6      7.      Plaintiff is a citizen of the United States and the State of California. He currently

7  resides in Sonora, California.

8      8.      In or around August 2023, Plaintiff purchased a bottle of Walmart's Great Value

9  Avocado Oil at a Wal-Mart store in Sonora, California for which he recalls paying between $9 to

10  $10. Plaintiff saw and relied on the *Avocado Oil Claim* in making this purchase. More specifically,

11  Plaintiff reasonably believed, based on the *Avocado Oil Claim*, that he was buying pure avocado

12  oil. This belief was an important part of his decision to purchase the Class Product. Had Plaintiff

13  known that the Class Product is not pure avocado oil, he would not have purchased it, or he would

14  have paid less for it. Thus, Plaintiff has suffered injury in fact and lost money as a result of

15  Walmart's misleading, false, unfair, and deceptive practices, as alleged herein.

16      9.      Although Plaintiff currently believes that the Class Products are not pure avocado oil

17  as represented, he cannot trust any of Walmart's representations, and he lacks personal knowledge

18  as to the specific conditions under which Walmart sources, manufactures, and packages the Class

19  Products. Therefore, even though Plaintiff would like to continue purchasing the Class Products if

20  he knew that it was pure avocado oil, Plaintiff will for the time being refrain from doing so. This is

21  a tangible and ongoing harm to Plaintiff.

22      10.     As a result of Walmart's unlawful business practices, and the harm caused to Plaintiff

23  and Class members, Walmart should be required to pay for all damages and/or restitution. However,

24  monetary compensation alone is insufficient to remedy the ongoing harm that is being caused to

25  Plaintiff, and Class members, who are unaware of Walmart's deceptive conduct and will continue

26  purchasing the Class Products, reasonably but incorrectly believing that they are getting pure

27  avocado oil. As such, injunctive relief requiring Walmart to cease its false and deceptive labeling

28  practices with respect to the Class Products is necessary and appropriate.

13

-2-

## DEFENDANT

11.     Walmart is a Delaware corporation with its headquarters and principal place of business in Bentonville, Arkansas.

12.     Walmart has labeled and sold the Class Products at its retail stores, and via its ecommerce website, in California and the rest of the country, during the statute of limitations period under its private label brand "Great Value".

13.     The true names and capacities of Does 1 through 10, inclusive, are unknown to Plaintiff at this time, and Plaintiff therefore sues such Doe defendants under fictitious names. On information and belief, each Defendant designated as a Doe is in some manner highly responsible for the occurrences alleged herein, and Plaintiff's and Class members' injuries and damages, as alleged herein, were proximately caused by the conduct of such Doe defendants. Plaintiff will seek leave of the Court to amend this Complaint to allege the true names and capacities of such Doe defendants when ascertained.

## FACTUAL ALLEGATIONS

### A.     The Class Products

14.     The Class Products consist of Walmart's Great Value Brand Avocado Oil. The Class Products are generally sold in 25.5 oz. bottles. The *Avocado Oil Claim* is prominently displayed in the same manner on all Class Products, as set forth in the following representative image:

CLASS ACTION COMPLAINT



**B.      The *Avocado Oil Claim* is False and Deceptive**

15.    As can be seen from the above image, the *Avocado Oil Claim* conveys the unequivocal message that the Class Products are pure avocado oil.

16.    This understanding is reinforced by the ingredient list on the Class Products' back labels, which list avocado oil as the only ingredient, as reflected in the following representative image:



15

CLASS ACTION COMPLAINT

17.    In addition, Walmart's e-commerce website lists "Pure Avocado Oil" as the only ingredient in the Class Products, as reflected in the following screenshot:[1]



18.    Walmart does not disclose anywhere that the Class Products are not pure avocado oil, and thus, the only conclusion reasonable consumers can reach is that the Class Products are pure avocado oil.

19.    The Class Products are not pure avocado oil. To the contrary, and based on Plaintiff's investigation, which includes testing and analysis of the Class Products performed by third party laboratories, the fatty acid and sterol profiles of the Class Products show that the Class Products are not pure avocado oil. Thus, the claim is false and deceptive.

**C.    The *Avocado Oil Claim* is Material**

20.    The *Avocado Oil Claim* is material—i.e., it is important to consumers with respect to their purchasing decisions of the Class Products.[2]

---

[1] https://www.walmart.com/ip/Great-Value-Refined-Avocado-Oil-25-5-fl-oz/535864229 (last visited on February 15, 2024)

[2] For instance, at 25.5 fl oz bottle of the Class Product costs $9.54, or $0.37 per ounce. By contrast, a 48 fl oz bottle of Great Value Canola Oil costs $4.44, or $0.09 per ounce. Similarly, a 48 fl oz bottle of Great Value Vegetable Oil costs $4.37, or $0.09 per ounce.

16

-5-

21.     Avocado oil is well-known to be one of the healthiest cooking oils. For example, studies have indicated that compounds in avocado oil may help protect the liver, lower blood pressure, LDL cholesterol, as well as reduce osteoarthritis-related joint pain, post-meal blood sugar, and total cholesterol levels.[3] It is also high in monounsaturated fat, which is considered more heart healthy than saturated fat while being slightly more stable than the polyunsaturated fats typically found in vegetable oils.[4] Avocado oil is also a high demand cooking oil because it has the highest smoke point of all plant-based cooking oils.[5]

22.     Regardless of whether consumers believe avocado oil is in fact superior to other oils, the issue of whether the cooking oil is pure is material to reasonable consumers. For example, consumers may be allergic to, or have other reasons, for not consuming certain oils. Simply put, consumers of the Class Products reasonably expect to know what type of oil they are consuming.

23.     Consumers purchased, and continue to purchase, the Class Products in part because the *Avocado Oil Claim* conveys the unequivocal message that they are pure avocado oil. Plaintiff and Class members would have paid less for the Class Products, or would not have purchased them at all, if not for the *Avocado Oil Claim*. Therefore, Plaintiff and Class members have suffered a financial injury in the form of paying a price premium that the Class Products command in the market as a result of Walmart's representations that they are pure avocado oil.

## CLASS ACTION ALLEGATIONS

24.     Plaintiff brings this class action pursuant to Cal. Civ. Proc. Code § 382, and all other applicable laws and rules, individually, and on behalf of all members of the following Classes:

### California Class

All natural persons who purchased at least one of the Class Products in the State of California within the applicable statute of limitations period.

---

[3] https://www.healthline.com/nutrition/9-avocado-oil-benefits#TOC_TITLE_HDR_4

[4] https://www.masterclass.com/articles/what-is-avocado-oil-a-guide-to-cooking-with-avocado-oil (last visited on February 15, 2024)

[5] *Id.*

17

**<u>California Consumer Subclass</u>**

All natural persons who purchased at least one of the Class Products in the State of California, for personal, family, or household purposes, within the applicable statute of limitations period.

25.     Excluded from the Classes are the following individuals and/or entities: Walmart and its parents, subsidiaries, affiliates, officers and directors, current or former employees, and any entity in which Walmart has a controlling interest; all individuals who make a timely election to be excluded from this proceeding using the correct protocol for opting out; and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

26.     Plaintiff reserves the right to modify or amend the definition of the proposed Classes and/or add subclasses before the Court determines whether class certification is appropriate.

27.     Plaintiff is a member of both classes.

28.     <u>Numerosity:</u> The proposed Classes are so numerous that joinder of all members would be impractical. The Class Products are sold throughout the United States and the State of California. The number of individuals who purchased Class Products during the relevant time period is at least in the hundreds. Accordingly, Class members are so numerous that their individual joinder herein is impractical. While the precise number of Class members and their identities are unknown to Plaintiff at this time, these Class members are identifiable and ascertainable.

29.     <u>Common Questions Predominate:</u> There are questions of law and fact common to the proposed Classes that will drive the resolution of this action and will predominate over questions affecting only individual Class members. These questions include, but are not limited to, the following:

  a.   Whether Walmart misrepresented material facts and/or failed to disclose material facts in connection with the packaging, marketing, distribution, and sale of the Class Products;

  b.   Whether Walmart's use of the challenged packaging, i.e., the *Avocado Oil Claim*, constituted false or deceptive advertising;

-7-
CLASS ACTION COMPLAINT

c.  Whether Walmart engaged in unfair, unlawful and/or fraudulent business practices;

d.  Whether Walmart's unlawful conduct, as alleged herein, was intentional and knowing;

e.  Whether Plaintiff and the Classes are entitled to damages and/or restitution, and if so, in what amount;

f.  Whether Plaintiff and the Classes are entitled to injunctive relief;

g.  Whether Plaintiff and the Classes are entitled to punitive damages, and if so, in what amount; and

h.  Whether Plaintiff and the Classes are entitled to an award of reasonable attorneys' fees, interest, and costs of suit.

30.  Walmart has engaged in a common course of conduct giving rise to violations of the legal rights sought to be enforced uniformly by Plaintiff on behalf of the proposed Classes. Similar or identical statutory and common law violations, business practices, and injuries are involved. The injuries sustained by members of the proposed Classes flow, in each instance, from a common nucleus of operative fact, namely, Walmart's deceptive packaging and advertising of the Class Products. Each instance of harm suffered by Plaintiff and Class members has directly resulted from a single course of unlawful conduct. Each Class member has been exposed to the same deceptive practice, as the packaging of the Class Products: (a) bear the same material *Avocado Oil Claim*, and (b) the Class Products does not meet this representation of fact. Therefore, individual questions, if any, pale in comparison to the numerous common questions presented in this action.

31.  <u>Superiority</u>: Because of the relatively small damages at issue for each individual Class member, no Class member could afford to seek legal redress on an individual basis. Furthermore, individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. A class action is superior to any alternative means of prosecution.

-8-
CLASS ACTION COMPLAINT

32.     <u>Typicality</u>: The representative Plaintiff's claims are typical of those of the proposed Classes, as all members of the proposed Classes are similarly affected by Walmart's uniform unlawful conduct as alleged herein.

33.     <u>Adequacy</u>: Plaintiff will fairly and adequately protect the interests of the proposed Classes as his interests do not conflict with the interests of the members of the proposed Classes he seeks to represent, and he has retained counsel competent and experienced in similar class action litigation. The interests of the members of the Classes will be fairly and adequately protected by the Plaintiff and his counsel.

34.     Walmart has also acted, or failed to act, on grounds generally applicable to Plaintiff and the proposed Classes, supporting the imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes.

**FIRST CLAIM FOR RELIEF**
**Violation of California's Consumers Legal Remedies Act**
**California Civil Code § 1750, *et seq*.**
***(For the California Consumer Subclass)***

35.     Plaintiff repeats the allegations contained in paragraphs 1-34 above as if fully set forth herein and, to the extent necessary, pleads this cause of action in the alternative.

36.     Plaintiff brings this claim individually and on behalf of the members of the proposed California Consumer Subclass against Walmart pursuant to California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, *et seq.*

37.     The Class Products are "goods" within the meaning of Cal. Civ. Code § 1761(a), and the purchases of the Class Products by Plaintiff and members of the California Consumer Subclass constitute "transactions" within the meaning of Cal. Civ. Code § 1761(e).

38.     Cal. Civ. Code § 1770(a)(5) prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have…" By marketing the Class Products with their current packaging, Walmart has represented and continues to represent that the Class Products have characteristics (i.e., they are pure avocado oil) that they do not have. Therefore, Walmart has violated section 1770(a)(5) of the CLRA.

39.     Cal. Civ. Code § 1770(a)(7) prohibits "[r]espresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another." By marketing the Class Products with their current packaging, Walmart has represented and continues to represent that the Class Products are of a particular standard, quality, or grade (i.e., they are pure avocado oil) which they do not possess. Therefore, Walmart has violated section 1770(a)(7) of the CLRA.

40.     Cal. Civ. Code § 1770(a)(9) prohibits "[a]dvertising goods or services with intent not to sell them as advertised." By marketing the Class Products as pure avocado oil, but not intending to sell the Class Products as such (i.e., selling them with the knowledge that they are not pure avocado oil), Walmart has violated section 1770(a)(9) of the CLRA.

41.     At all relevant times, Walmart has known or reasonably should have known that its *Avocado Oil Claim* on the Class Products' packaging is false and deceptive, and that Plaintiff and other members of the California Consumer Subclass would reasonably and justifiably rely on it when purchasing the Class Products. Nonetheless, Walmart persisted in making the *Avocado Oil Claim* on the Class Products' labels to deceive consumers into believing they are buying and consuming pure avocado oil.

42.     Plaintiff and members of the California Consumer Subclass have justifiably relied on Walmart's misleading *Avocado Oil Claim* when purchasing the Class Products. Moreover, based on the materiality of Walmart's misleading and deceptive conduct, reliance may be presumed or inferred for Plaintiff and members of the California Consumer Subclass.

43.     Plaintiff and members of the California Consumer Subclass have suffered and continue to suffer injuries caused by Walmart because they would have paid less for the Class Products, or would not have purchased them at all, had they known that the *Avocado Oil Claim* was false.

44.     In accordance with Cal. Civ. Code § 1780(d), Plaintiff is filing a declaration of venue, attached as **Exhibit A** to this Complaint.

45.     On September 28, 2023, Plaintiff, by and through his counsel, sent a notice and demand letter by certified mail to Walmart of his intent to pursue claims under the CLRA, and an

opportunity to cure, consistent with Cal. Civ. Code § 1782. Walmart received this notice and demand letter on October 2, 2023, but it has done nothing to rectify the unlawful conduct described herein.

46.     Because Walmart has failed to fully rectify or remedy the damages caused after waiting more than the statutorily required 30 days after Walmart received the foregoing notice and demand letter, Plaintiff is timely filing this Complaint for damages as permitted under Cal. Civ. Code § 1782(d). Plaintiff also requests an award of actual and punitive damages, attorneys' fees and costs, and any other relief that the Court deems proper, pursuant to Cal. Civ. Code § 1780(a).

47.     Plaintiff and members of the proposed Classes have no adequate remedy at law and are therefore entitled to restitution, disgorgement, and/or the imposition of a constructive trust to recover the amount of Defendant's ill-gotten gains, and/or other sums as may be just and equitable.

### SECOND CLAIM FOR RELIEF
**Violation of California's False Advertising Law**
**California Business & Professions Code § 17500, *et seq***
**(*For the Classes*)**

48.     Plaintiff repeats the allegations contained in paragraphs 1-34 above as if fully set forth herein and, to the extent necessary, pleads this cause of action in the alternative.

49.     Plaintiff brings this claim individually and on behalf of the members of the proposed Classes against Walmart pursuant to California's False Adverting Law ("FAL"), Cal. Bus. & Prof. Code § 17500, *et seq.*

50.     The FAL makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public . . . in any advertising device . . . or in any other manner or means whatever, including over the Internet, any statement, concerning . . . personal property or services professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." Cal. Bus. & Prof. Code § 17500.

51.     Walmart has represented and continues to represent to the public, including Plaintiff and members of the proposed Classes, through its deceptive packaging, that the Class Products are pure avocado oil. Because Walmart has disseminated misleading information regarding the Class Products, and Walmart knows, knew, or should have known, through the exercise of reasonable

CLASS ACTION COMPLAINT

1    care, that the *Avocado Oil Claim* is false and misleading, Walmart has violated the FAL.

2        52.    As a result of Walmart's false advertising, Walmart has and continues to unlawfully

3    obtain money from Plaintiff and members of both Classes. Plaintiff therefore requests that the Court

4    cause Walmart to restore this fraudulently obtained money to him and members of the proposed

5    Classes, to disgorge the profits Walmart made on these transactions, and to enjoin Walmart from

6    violating the FAL or violating it in the same fashion in the future as discussed herein. Otherwise,

7    Plaintiff and members of the proposed Classes may be irreparably harmed and/or denied an effective

8    and complete remedy.

9        53.    Plaintiff and members of the proposed Classes have no adequate remedy at law and

10   are therefore entitled to restitution, disgorgement, and/or the imposition of a constructive trust to

11   recover the amount of Defendant's ill-gotten gains, and/or other sums as may be just and equitable.

12   **THIRD CLAIM FOR RELIEF**

13   **Violation of California's Unfair Competition Law ("UCL"),**
**California Business & Professions Code § 17200, *et seq.***

14   **(*For the Classes*)**

15       54.    Plaintiff repeats the allegations contained in paragraphs 1-34 above as if fully set

16   forth herein and, to the extent necessary, pleads this cause of action in the alternative.

17       55.    Plaintiff brings this claim individually and on behalf of the members of the proposed

18   Classes against Walmart.

19       56.    The UCL, Cal. Bus. & Prof Code § 17200, provides, in pertinent part, that "unfair

20   competition shall mean and include unlawful, unfair or fraudulent business practices and unfair,

21   deceptive, untrue or misleading advertising . . . .".

22       57.    Under the UCL, a business act or practice is "unlawful" if it violates any established

23   state or federal law. Walmart's false and misleading advertising of the Class Products was and

24   continues to be "unlawful" because it violates, *inter alia*, the CLRA and the FAL. As a result of

25   Walmart's unlawful business acts and practices, Walmart has unlawfully obtained money from

26   Plaintiff, and members of the proposed Classes.

27       58.    Under the UCL, a business act or practice is "unfair" if Walmart's conduct offends

28   an established public policy, or is immoral, unethical, oppressive, unscrupulous, or substantially

23

-12-

injurious to consumers, as the benefits for committing such acts or practices are outweighed by the gravity of the harm to the alleged victims. Walmart's conduct was and continues to be of no benefit to purchasers of the Class Products, as it is misleading, unfair, unlawful, and is injurious to consumers who rely on the packaging. Deceiving consumers into believing the Class Products are pure avocado oil, when they are not, is of no benefit to consumers. Therefore, Walmart's conduct was and continues to be "unfair." As a result of Walmart's unfair business acts and practices, Walmart has and continues to unfairly obtain money from Plaintiff, and members of the proposed Classes.

59.     Under the UCL, a business act or practice is "fraudulent" if it actually deceives or is likely to deceive members of the consuming public. Walmart's conduct was and continues to be fraudulent because it has the effect of deceiving consumers into believing the Class Products are pure avocado oil. Because Walmart misled Plaintiff and members of both Classes, Walmart's conduct was "fraudulent." As a result of Walmart's fraudulent business acts and practices, Walmart has and continues to fraudulently obtain money from Plaintiff and members of the proposed Classes.

60.     Plaintiff requests that the Court cause Walmart to restore this unlawfully, unfairly, and fraudulently obtained money to them, and members of the proposed Classes, to disgorge the profits Walmart made on these transactions, and to enjoin Walmart from violating the UCL or violating it in the same fashion in the future as discussed herein. Otherwise, Plaintiff and members of the proposed Classes may be irreparably harmed and/or denied an effective and complete remedy.

61.     Plaintiff and members of the proposed Classes have no adequate remedy at law and are therefore entitled to restitution, disgorgement, and/or the imposition of a constructive trust to recover the amount of Defendant's ill-gotten gains, and/or other sums as may be just and equitable.

**FOURTH CLAIM FOR RELIEF**
**Breach of Express Warranty**
**California Commercial Code § 2313**
(***For the Classes***)

62.     Plaintiff repeats the allegations contained in paragraphs 1-34 above as if fully set forth herein and, to the extent necessary, pleads this cause of action in the alternative.

63.     Plaintiff brings this claim individually and on behalf of the members of the proposed

Classes against Walmart.

64.     California's express warranty statute provides that "(a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise," and "(b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description." Cal. Com. Code § 2313.

65.     Walmart has expressly warranted on the Class Products' packaging that they are pure avocado oil through the *Avocado Oil Claim*.

66.     This representation about the Class Products is: (a) an affirmation of fact or promise made by Walmart to consumers that Class Products are pure avocado oil; (b) became part of the basis of the bargain to purchase the Class Products when Plaintiff and other consumers relied on the representation; and (c) created an express warranty that the Class Products would conform to the affirmation of fact or promise. In the alternative, the representation about the Class Products is a description of goods which were made as part of the basis of the bargain to purchase the Class Products, and which created an express warranty that the Class Products would conform to the Class Products' description.

67.     Plaintiff and members of the Classes reasonably and justifiably relied on the foregoing express warranties, believing that the Class Products did in fact conform to those warranties.

68.     Walmart has breached the express warranties made to Plaintiff and members of the proposed Classes by failing to produce the Class Products in accordance with the *Avocado Oil Claim*, as expressly warranted on the packaging.

69.     Plaintiff and members of the proposed Classes paid a premium price for the Class Products but did not obtain the full value of the Class Products as represented. If Plaintiff and members of the proposed Classes had known of the true nature of the Class Products, they would not have been willing to pay the premium price charged in the market, or they would not have purchased them at all. As a result, Plaintiff and members of the Classes suffered injury and deserve to recover all damages afforded under the law.

70.     Within a month after Plaintiff discovered that Walmart did in fact breach the express warranty, Plaintiff notified Walmart of the breach. *See supra* ¶ 45.

**FIFTH CLAIM FOR RELIEF**
**Breach of Implied Warranty**
**California Commercial Code § 2314 (2)(f)**
(***For the Classes***)

71.     Plaintiff repeats the allegations contained in paragraphs 1-34 above as if fully set forth herein and, to the extent necessary, pleads this cause of action in the alternative.

72.     Plaintiff brings this claim individually and on behalf of the members of the proposed Classes against Walmart.

73.     California's implied warranty of merchantability statute provides that "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." Cal. Com. Code § 2314(1).

74.     California's implied warranty of merchantability statute also provides that "[g]oods to be merchantable must be at least such as . . . (f) [c]onform to the promises or affirmations of fact made on the container or label if any." Cal. Com. Code § 2314(2).(f).

75.     Walmart is a merchant with respect to the sale of the Class Products. Therefore, a warranty of merchantability is implied in every contract for sale of the Class Products to California consumers.

76.     By advertising the Class Products with their current packaging, Walmart made an implied promise that the Class Products are pure avocado oil. The Class Products do not, however, "conform to the promises…made on the container or label" because they are not pure avocado oil, but instead consist of other oils. Plaintiff, as well as consumers, did not receive the goods as impliedly warranted by Walmart to be merchantable.

77.     Therefore, the Class Products are not merchantable under California law and Walmart has breached its implied warranty of merchantability with respect to the Class Products.

78.     If Plaintiff and members of the Classes had known that the Class Products were not pure avocado oil, they would not have been willing to pay the premium price associated with them, or they would not have purchased them at all. Therefore, as a direct and/or indirect result of

-15-
CLASS ACTION COMPLAINT

Walmart's breach, Plaintiff and members of the Classes have suffered injury and deserve to recover all damages afforded under the law.

79.     Within a month after Plaintiff discovered that Walmart did in fact breach the implied warranty, Plaintiff notified Walmart of the breach. *See supra* ¶ 45.

### SIXTH CLAIM FOR RELIEF
**Intentional Misrepresentation**
***(for the Classes)***

80.     Plaintiff repeats the allegations contained in paragraphs 1-34 above as if fully set forth herein and, to the extent necessary, pleads this cause of action in the alternative.

81.     Plaintiff brings this claim individually and on behalf of the members of the proposed Classes against Walmart.

82.     Walmart marketed the Class Products in a manner indicating that they are pure avocado oil when they are not. Therefore, Walmart has made misrepresentations about the Class Products.

83.     The *Avocado Oil Claim* is material to a reasonable consumer because it relates to the quality, safety, utility, and healthfulness of the Class Products. A reasonable consumer attaches importance to such representations and is induced to act thereon in making purchasing decisions with respect to oil that is consumed—i.e., oil that is used for cooking or consumed raw.

84.     At all relevant times, Walmart knew that the *Avocado Oil Claim* was misleading. Walmart intends for Plaintiff and other consumers to rely on the *Avocado Oil Claim*, as evidenced by Walmart intentionally and conspicuously placing it on the packaging of the Class Products. In the alternative, Walmart acted recklessly in making the *Avocado Oil Claim* without regard to the truth.

85.     Plaintiff and members of the proposed Classes have reasonably and justifiably relied on Walmart's intentional misrepresentations (i.e., the *Avocado Oil Claim*) when purchasing the Class Products, and had the correct facts been known, would not have purchased them at the prices at which they were sold in the market, or would not have purchased them at all.

86.     Therefore, as a direct and proximate result of Walmart's intentional misrepresentations, Plaintiff and members of the Classes have suffered economic losses and other

general and specific damages, including but not limited to the amounts paid for the Class Products, and any interest that would have accrued on those monies, all in an amount to be proven at trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the proposed Classes, respectfully prays for following relief:

A.    Certification of this case as a class action on behalf of the Classes defined above, appointment of Plaintiff as Class representative, and appointment of his counsel as Class counsel;

B.    A declaration that Walmart's actions, as described herein, violate the claims described herein;

C.    An award to Plaintiff and the proposed Classes of restitution and/or other equitable relief, including, without limitation, restitutionary disgorgement of all profits and unjust enrichment that Walmart obtained from Plaintiff and the proposed Classes as a result of its unlawful, unfair and fraudulent business practices described herein;

D.    An award of injunctive and other equitable relief as is necessary to protect the interests of Plaintiff and Class members, including, *inter alia*, an order prohibiting Walmart from engaging in the unlawful acts described above;

E.    An award of all economic, monetary, actual, consequential, and compensatory damages caused by Walmart's conduct;

F.    An award of punitive damages;

G.    An award of nominal damages;

H.    An award to Plaintiff and his counsel of reasonable expenses and attorneys' fees;

I.    An award to Plaintiff and the proposed Classes of pre and post-judgment interest, to the extent allowable; and

J.    For such further relief that the Court may deem just and proper.

///

///

///

///

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of himself and the proposed Classes, hereby demands a jury trial with respect to all issues triable of right by jury.

DATED: February 20, 2024

**THE WAND LAW FIRM, P.C.**

By: _____
    Aubry Wand

**FARUQI & FARUQI, LLP**
Lisa T. Omoto

*Attorneys for Plaintiff and the Putative Classes*

# EXHIBIT A

DocuSign Envelope ID: 14BEC5DE-00J7-4B28-BB63-072FC7161C9BE

Case Pending No. 68   Document 1-12   Filed 10/23/24   Page 25 of 31
Case 1:24-at-00270   Document 1-1   Filed 03/29/24   Page 22 of 28

**CLRA Venue Declaration Pursuant to California Civil Code Section 1780(d)**

I, Matthew Hawkins, declare as follows:

1.       I am a Plaintiff in this action and a citizen of the State of California. I have personal knowledge of the facts stated herein and, if called as a witness, I could testify competently thereto.

2.       This Class Action Complaint is filed in the proper place of trial because the transaction giving rise to my claims, i.e., my purchase of the products at issue, occurred in this district.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, executed on _____ at Sonora, California.
2/16/2024 | 2:34 PM PST

Matthew Hawkins

**CLRA Venue Declaration of Matthew Hawkins**

EXHIBIT 2

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY |
|---|---|
| | *(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
WALMART INC., a corporation; and DOES 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MATTHEW HAWKINS, on behalf of himself and all others similarly situated     BY Fax

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: *(Número del Caso):* |
|---|---|
| *(El nombre y dirección de la corte es):*  Tuolumne County Superior Court | CU65903 |
| 12855 Justice Center Drive | |
| Sonora, CA 95370 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Aubry Wand, The Wand Law Firm, P.C., 100 Oceangate, Suite 1200, Long Beach, CA 90802, (310) 590-4503

| DATE: | FEB 2 0 2024 | Clerk, by | Hector X. Gonzalez, Jr. | , Deputy |
|---|---|---|---|---|
| *(Fecha)* | | *(Secretario)* | Eli Mills | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |
|---|---|---|
| Judicial Council of California | | www.courts.ca.gov |
| SUM-100 [Rev. July 1, 2009] | | |

33

T

EXHIBIT 3

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Aubry Wand (SBN 281207)<br>100 Oceangate, Suite 1200, Long Beach, CA 90802 | **FILED**<br><br>FEB 2 0 2024<br><br>Superior Court of California<br>County of Tuolumne<br>by: _____ Clerk |

TELEPHONE NO.: (310) 590-4503     FAX NO. :
EMAIL ADDRESS: awand@wandlawfirm.com
ATTORNEY FOR *(Name):* Plaintiff Matthew Hawkins

SUPERIOR COURT OF CALIFORNIA, COUNTY OF TUOLUMNE
STREET ADDRESS: 12855 Justice Center Drive
MAILING ADDRESS: 12855 Justice Center Drive
CITY AND ZIP CODE: Sonora, CA 95370
BRANCH NAME: Justice Center Courthouse

CASE NAME:
Hawkins v. Walmart Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] Unlimited<br>(Amount<br>demanded<br>exceeds $35,000) | [ ] Limited<br>(Amount<br>demanded is<br>$35,000 or less) | [ ] Counter | [ ] Joinder | CV65903 |
| | | Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT.: |

BY Fax

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[x] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [x] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [x] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [x] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify):* Six
5. This case [x] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: 2/20/2024
Aubry Wand
_____        _____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2024]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

T

EXHIBIT 4

TUO- CV-100

<table>
<tr><td colspan="2">

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF TUOLUMNE**

12855 Justice Center Drive
Sonora, CA 95370
Phone: (209) 533-5555

</td><td>

Space below for use by Court Clerk only.

# FILED

FEB 2 0 2024

Superior Court of California
County of Tuolumne

by _____ *Ed Niks* _____ Clerk

</td></tr>
<tr><td colspan="2">

Plaintiff(s):

Matthew Hawkins

</td><td rowspan="2"></td></tr>
<tr><td colspan="2">

Defendant(s):

Walmart, Inc.

</td></tr>
<tr><td colspan="2"></td><td>

Case Number: CV65903

</td></tr>
</table>

## DELAY REDUCTION PROGRAM INFORMATION AND SETTING

This case is in Tuolumne County's delay reduction program. Special rules apply to this case. It is the duty of each party to be familiar with the rules and the date, time, and place of the first case management conference.

This notice must be served with the Summons on all defendants and cross-defendants. Notice of any other pending management conference must be served on subsequently named defendants and cross-defendants.

---

The first case management conference hearing date is set on:

Date: June 28th, 2024          Time: 8:30AM          Dept. No. 1

*(To be completed by clerk.)*

---

***At least fifteen (15) calendar days (CRC Rule 3.725) before the Case Management Conference, each party must file with the court and serve on all other parties a case management conference statement. The mandatory case management statement, Judicial Council form CM-110, must be used.***

## NOTICE: The advance jury fee of $150.00 per side is *not refundable*, and must be deposited on or before the date scheduled for the initial case management conference in this action. If no case management conference is scheduled, then the jury fee must be deposited no later than 365 calendar days after the filing of the initial complaint. If the party has not appeared before the initial case management conference, or has appeared more than 365 calendar days after the filing of the initial complaint, the jury fee must be deposited at least 25 calendar days before the date initially set for trial. If the action is an unlawful detainer, the jury fee must be deposited at least five days before the date set for trial.

**DELAY REDUCTION PROGRAM INFORMATION AND SETTING**