# EXHIBIT 2

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
10/08/2024 at 05:31:19 PM
By: Chan Huang,
Deputy Clerk

**BURSOR & FISHER, P.A.**
Neal J. Deckant (State Bar No. 322946)
Brittany S. Scott (State Bar No. 327132)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
Email: ndeckant@bursor.com
        bscott@bursor.com

*Attorneys for Plaintiff*

*[Additional Counsel on Signature Page]*

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF ALAMEDA**

| | |
|---|---|
| KEVIN SMITH, on behalf of himself and all others similarly situated, | CASE NO.: 24CV095037 |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | 1. Violation of California False Advertising Law |
| | 2. Violation of California Unfair Competition Law |
| SAFEWAY, INC., a corporation; and DOES 1 through 10, inclusive, | 3. Violation of California Consumers Legal Remedies Act |
| Defendant. | 4. Breach of Express Warranty (Cal. Com. Code § 2313) |
| | 5. Breach of Implied Warranty (Cal. Com. Code § 2314) |
| | 6. Intentional Misrepresentation |
| | **DEMAND FOR JURY TRIAL** |

Plaintiff Kevin Smith ("Plaintiff"), on behalf of himself and all others similarly situated, brings this class action against Defendant Safeway, Inc. ("Safeway" or "Defendant"), and Does 1 through 10, based on Safeway's' false and deceptive advertising and labeling of its Avocado Oil Products. Plaintiff makes the following allegations based on the investigation of their counsel, and on information and belief, except as to allegations pertaining to Plaintiff individually, which are based on personal knowledge.

## **INTRODUCTION**

1. During the statute of limitations period, Safeway has marketed, labeled, advertised, and sold its Avocado Oil under the label "Signature Select" (the "Class Products") to consumers with packaging that has prominently represented that it is avocado oil.

2. The packaging of the Class Products unequivocally states that the oil is "100% Avocado Oil" (the "*Avocado Oil Representation*").

3. Reasonable consumers believe, based on the *Avocado Oil Representation*, that the Class Products are pure avocado oil. However, unbeknownst to consumers, the Class Products are adulterated with other oils.

4. Plaintiff seeks relief in this action individually, and on behalf of all other similarly situated individuals who purchased the falsely and deceptively labeled Class Products during the statute of limitations period, for violations of California's False Advertising Law, Cal. Bus. & Prof. Code § 17500, *et seq.*, California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*, California's Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.*, breach of express and implied warranty (Cal. Com. Code §§ 2313-2314), and intentional misrepresentation (*i.e.*, common law fraud).

## **JURISDICTION AND VENUE**

5. This Court has personal jurisdiction over Safeway because Safeway has sufficient minimum contacts with the State of California, and/or otherwise intentionally avails itself of the markets within the State of California, through the promotion, marketing, and sale of the Class Products in this State (including in this County) to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

6.      Venue is proper in this County pursuant to California Code of Civil Procedure § 395, *et seq.* and Cal. Civ. Code § 1780(d). Defendant maintains its headquarters in this County, regularly conducts business throughout this County, and made the misrepresentations that had a substantial effect in this County.  A substantial part of the events or omissions giving rise to Plaintiff's claims also occurred in this County.  Plaintiff resides in this County, and he purchased the Class Product in this County within the statute of limitations period.

## **PLAINTIFF**

7.      Plaintiff is a citizen and resident of the United States and the State of California. He currently resides in Oakland, California.

8.      Within the last three years, Plaintiff purchased a bottle of Signature Select Avocado Oil at Safeway in Oakland, California. Plaintiff saw and relied on the *Avocado Oil Representation* in making his purchase. Plaintiff reasonably believed, based on the *Avocado Oil Representation*, that he was purchasing pure avocado oil, and this belief was an important part of his decision to purchase the Class Product. Had Plaintiff known that the Class Product was adulterated avocado oil, he would not have purchased it, or he would have paid less for it. Thus, Plaintiff  has suffered injury in fact and lost money as a result of Safeway's misleading, false, unfair, and deceptive practices, as alleged herein.

9.      Plaintiff will be unable to rely on the Class Products' *Avocado Oil Representation* in the future, and so will be unable to purchase the Class Products in the future, although he would like to.  Plaintiff remains interested in purchasing pure avocado oil products, intends on purchasing them in the future, and would consider purchasing Defendant's Class Products in the future if Defendant ensured that the *Avocado Oil Representation* was accurate and truthful.

10.      As a result of Safeway's unlawful business practices, and the harm caused to Plaintiff and Class members, Safeway should be required to pay for all damages and/or restitution. Monetary compensation alone is insufficient to remedy the ongoing harm that is being caused to Plaintiff, and Class members, who are unaware of Safeway's deceptive conduct and will continue purchasing the Class Products, reasonably but incorrectly believing that they are purchasing pure avocado oil. As

such, injunctive relief requiring Safeway to cease its false and deceptive labeling practices with respect to the Class Products is necessary and appropriate.

**DEFENDANT**

11.     Safeway is a California corporation with its headquarters and principal place of business in Pleasanton, California. Safeway operates under Albertsons Companies which is "one of largest food and drug retailers in the United States."[1] Safeway sells exclusive products under the "Signature Select" label.[2] Safeway knows that consumers care about, and rely on, the claims that it makes about the ingredients in its products.

12.     As of October 1, 2024, Safeway operates 242 stores in California. [3]

13.     Safeway has labeled, advertised, distributed, and sold the Class Products for sale at Safeway stores, as well as other stores such as Albertsons, Vons, and Pavillions, in California during the statute of limitations period under the "Signature Select" label.

14.     On information and belief, Safeway maintains no corporate offices outside of California. Thus, all of the unlawful conduct alleged herein—including, *inter alia*, the marketing, packaging, and advertising of the Class Products, and the decision making as to sourcing for the Class Products—emanated from California.

15.     Based on these facts, extraterritorial application of California laws to the Class is appropriate. *See*, *e.g.*, *Wershba v. Apple Computer, Inc.*, 110 Cal. Rptr. 2d 145, 159 (2001) (certifying nationwide class based on violation of Cal. Bus. & Prof. Code § 17500 because the defendant was a "California corporation" and the brochures containing the purported misrepresentations "were prepared in and distributed from California."); *In re iPhone 4S Consumer Litig.*, No. 12-cv-1127-CW, 2013 WL 3829653, *7 (N.D. Cal. July 23, 2013) (holding California consumer protection law applied to non-residents where wrongful conduct originated from California); *Wang v. OCZ Tech. Grp., Inc.*, 276 F.R.D. 618, 630 (N.D. Cal. 2011) (holding that

---

[1]  https://www.safeway.com/about-us.html (last visited on Oct. 01, 2024).
[2]  https://www.safeway.com/lp/own-brands.3132.html (last visited on Oct. 01, 2024).
[3]https://local.safeway.com/safeway/ca.html#:~:text=242%20Safeway%20Locations%20i California&text=When%20autocomplete%20results%20are%20available,touch%20or%20 with%20swipe%20gestures (last visited on Oct. 01, 2024).

California law could apply to a nationwide class because "[t]he facts alleged are that the misleading marketing, advertising, and product information are 'conceived, reviewed, approved, or otherwise controlled from [the defendant's] headquarters in California.'").

16.     Alternatively, the Court can and should address choice-of-law issues at the class certification stage. *See*, *e.g.*, *Donohue v. Apple, Inc.*, 871 F.Supp.2d 913, 922 (N.D. Cal. 2012) (issues regarding the assertion of nationwide class claims "boil down to questions of whether common issues predominate and whether plaintiff can adequately represent absent class members, issues that are better resolved at the class certification stage.").

17.     The true names and capacities of Does 1 through 10, inclusive, are unknown to Plaintiff at this time, and Plaintiff therefore sues such Doe defendants under fictitious names. On information and belief, each defendant designated as a Doe is in some manner highly responsible for the occurrences alleged herein, and Plaintiff and Class members' injuries and damages, as alleged herein, were proximately caused by the conduct of such Doe defendants. Plaintiff will seek leave of the Court to amend this Complaint to allege the true names and capacities of such Doe defendants when ascertained.

## FACTUAL ALLEGATIONS

**A.      The *Avocado Oil Representation* is False and Deceptive**

18.     The Class Products consist of Signature Select 100% Avocado Oil.  The *Avocado Oil Representation* is prominently displayed on the front label in the same manner on all Class Products, as depicted in the following representative image:



19.    As can be seen from the above image, the *Avocado Oil Representation* conveys the unequivocal message that the Class Products are pure avocado oil which includes the specific language of "100% Avocado Oil."

20.    Moreover, the front label depicts an avocado cut open, adding to the effect of the representation.

21.    This message is further reinforced by the ingredient list on the Class Products' back label, which lists "avocado oil" as the only ingredient.

**INGREDIENTS: AVOCADO OIL.**

22.    Safeway does not disclose anywhere that the Class Products are adulterated with other oils. Thus, consumers reasonably believe the Class Products are pure avocado oil.

**B.    The *Avocado Oil Representation* is Material**

23.    The *Avocado Oil Representation* is material—i.e., it is important to consumers with respect to their decision to purchase the Class Products.[4]

---

[4] For instance, a 25.4 fl. oz. bottle of the Class Product costs $11.99, or $0.47 per fluid ounce. By contrast, a 48 fl. oz. bottle of Safeway Signature Select Vegetable Oil costs $5.99, or $0.12 per fluid ounce. Similarly, a 48 fl. oz. bottle of Safeway Signature Canola Oil costs $5.99, or $0.12 per fluid ounce.

24.     Avocado oil is well-known to be one of the healthiest cooking oils. For example, studies have indicated that compounds in avocado oil may help protect the liver, lower blood pressure, LDL cholesterol, as well as reduce osteoarthritis-related joint pain, post-meal blood sugar, and total cholesterol levels.[5] It is also high in monounsaturated fat, which is considered more heart healthy than saturated fat while being slightly more stable than the polyunsaturated fats typically found in vegetable oils.[6] Avocado oil is also a high demand cooking oil because it has the highest smoke point of all plant-based cooking oils.[7]

25.     Regardless of whether consumers believe avocado oil is superior to other oils, the issue of whether the Avocado oil is pure or is adulterated is material to reasonable consumers. For example, consumers may be allergic to, or have other reasons for not consuming, certain oils. Consumers of the Class Products reasonably expect to know what type of oil they are consuming.

26.     Consumers purchased, and continue to purchase, the Class Products in part because the *Avocado Oil Representation* conveys the unequivocal message that it is pure avocado oil. Plaintiff and Class members would have paid less for the Class Products, or would not have purchased them at all, if not for the *Avocado Oil Representation*. Therefore, Plaintiff and Class members have suffered a financial injury in the form of paying a price premium that the Class Products command in the market as a result of Safeway's representations that the Class Products are pure avocado oil.

**C.     Recent Reporting Confirms that the Class Products are Not Pure Avocado Oil**

27.     On August 27, 2024, The Washington Post reported that "adulteration is rampant in the avocado oil industry, and many people are being misled by some of the nation's largest retail chains."[8]

---

[5]  https://www.healthline.com/nutrition/9-avocado-oil-benefits#TOC_TITLE_HDR_4 (last visited on Oct. 01, 2024).

[6] https://www.masterclass.com/articles/what-is-avocado-oil-a-guide-to-cooking-with-avocado-oil (last visited on Oct. 01, 2024).

[7] *Id.*

[8] Anahad O'Connor and Aaron Steckleberg, *Why your avocado oil may be fake and contain other cheap oils*, The Washington Post, https://www.washingtonpost.com/wellness/2024/08/27/avocado-oil-adulteration-tests/ (last visited Oct. 01, 2024).

28.     The article discussed, in detail, the findings of studies conducted by scientists at the University of California at Davis ("UC Davis"). This UC Davis study was published *Food Control*, an official scientific journal of the European Federation of Food Science and Technology and the Internation Union of Food Science and Technology.[9, 10]

29.     The study revealed that the Class Products are not pure avocado oil, but are instead adulterated with other oils.[11]

## CLASS ACTION ALLEGATIONS

30.     Plaintiff brings this class action pursuant to Cal. Civ. Proc. Code § 382, and all other applicable laws and rules, individually, and on behalf of all members of the following Classes:

**Nationwide Class**

All natural persons who purchased at least one of the Class Products in the United States within the applicable statute of limitations period.

**California Class**

All natural persons who purchased at least one of the Class Products in the State of California within the applicable statute of limitations period.

31.     Excluded from the Classes are the following individuals and/or entities: Safeway and its parents, subsidiaries, affiliates, officers and directors, current or former employees, and any entity in which Safeway has a controlling interest; all individuals who make a timely election to be excluded from this proceeding using the correct protocol for opting out; and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

32.     Plaintiff reserve the right to modify or amend the definition of the proposed Classes and/or add subclasses before the Court determines whether class certification is appropriate.

33.     Plaintiff is a members of all classes.

---

[9] Hilary S. Green and Selina C. Wang, *First report on quality and purity evaluations of avocado oil sold in the US*, 116 Food Control 107328 (Oct. 2020).
[10] Hilary S. Green and Selina C. Wang, *Purity and quality of private labelled avocado oil*, 152 Food Control 109837 (Oct. 2023).
[11] O'Connor and Steckleberg, *Why your avocado oil may be fake*, *supra*.

34.     <u>Numerosity:</u> The proposed Classes are so numerous that joinder of all members would be impractical. The Class Products are sold throughout the United States and the State of California. The number of individuals who purchased Class Product during the relevant time period is at least in the hundreds. Accordingly, Class members are so numerous that their individual joinder herein is impractical. While the precise number of Class members and their identities are unknown to Plaintiff at this time, these Class members are identifiable and ascertainable.

35.     <u>Common Questions Predominate:</u> There are questions of law and fact common to the proposed Classes that will drive the resolution of this action and will predominate over questions affecting only individual Class members. These questions include, but are not limited to, the following:

     a.  Whether Safeway misrepresented material facts and/or failed to disclose material facts in connection with the packaging, marketing, distribution, and sale of the Class Products;

     b.  Whether Safeway's use of the challenged packaging, i.e., the *Avocado Oil Representation*, constituted false or deceptive advertising;

     c.  Whether Safeway engaged in unfair, unlawful and/or fraudulent business practices;

     d.  Whether Safeway unlawful conduct, as alleged herein, was intentional and knowing;

     e.  Whether Plaintiff and the Classes are entitled to damages and/or restitution, and if so, in what amount;

     f.  Whether Plaintiff and the Classes are entitled to an injunctive relief;

     g.  Whether Plaintiff and the Classes are entitled to punitive damages, and if so, in what amount; and

     h.  Whether Plaintiff and the Classes are entitled to an award of reasonable attorneys' fees, interest, and costs of suit.

36.     Safeway has engaged in a common course of conduct giving rise to violations of the legal rights sought to be enforced uniformly by Plaintiff on behalf of the proposed Classes. Similar

or identical statutory and common law violations, business practices, and injuries are involved. The injuries sustained by members of the proposed Classes flow, in each instance, from a common nucleus of operative fact, namely, Safeway's deceptive packaging and advertising of the Class Products. Each instance of harm suffered by Plaintiff and Class members has directly resulted from a single course of unlawful conduct. Each Class member has been exposed to the same deceptive practice, as the packaging of Class Products: (a) bears the same material *Avocado Oil Representation*, and (b) the Class Products do not meet this representation of fact. Therefore, individual questions, if any, pale in comparison to the numerous common questions presented in this action.

37.     <u>Superiority</u>: Because of the relatively small damages at issue for each individual Class member, no Class member could afford to seek legal redress on an individual basis. Furthermore, individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. A class action is superior to any alternative means of prosecution.

38.     <u>Typicality</u>: The representative Plaintiff's claims are typical of those of the proposed Classes, as all members of the proposed Classes are similarly affected by Safeway's uniform unlawful conduct as alleged herein.

39.     <u>Adequacy</u>: Plaintiff will fairly and adequately protect the interests of the proposed Classes as their interests do not conflict with the interests of the members of the proposed Classes they seek to represent, and they have retained counsel competent and experienced in similar class action litigation. The interests of the members of the Classes will be fairly and adequately protected by the Plaintiff and their counsel.

40.     Safeway has also acted, or failed to act, on grounds generally applicable to Plaintiff and the proposed Classes, supporting the imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes.

## FIRST CLAIM FOR RELIEF
### Violation of California's False Advertising Law
### California Business & Professions Code § 17500, *et seq*
### (*For all Classes*)

41.     Plaintiff hereby incorporates by reference and re-alleges herein the allegations contained in all preceding paragraphs of this complaint.

42.     Plaintiff brings this claim individually and on behalf of the members of the Nationwide Class and California Class against Safeway pursuant to California's False Adverting Law ("FAL"), Cal. Bus. & Prof. Code § 17500, *et seq.*

43.     The FAL makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public . . . in any advertising device . . . or in any other manner or means whatever, including over the Internet, any statement, concerning . . . personal property or services professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."  Cal. Bus. & Prof. Code § 17500.

44.     Safeway has represented and continues to represent to the public, including Plaintiff and members of the Nationwide Class and California Class, through its deceptive packaging, that the Class Products are pure avocado oil. Because Safeway has disseminated misleading information regarding the Class Products, and Safeway knows, knew, or should have known, through the exercise of reasonable care, that the *Avocado Oil Representation* is false and misleading, Safeway has violated the FAL.

45.     As a result of Safeway's false advertising, Safeway has and continues to unlawfully obtain money from Plaintiff and members of the Nationwide Class and California Class. Plaintiff therefore requests that the Court cause Safeway to restore this fraudulently obtained money to him and members of the Nationwide Class and California Class, to disgorge the profits Safeway made on these transactions, and to enjoin Safeway from violating the FAL or violating it in the same fashion in the future as discussed herein. Otherwise, Plaintiff and members of the Nationwide Class and California Class may be irreparably harmed and/or denied an effective and complete remedy.

46.     Plaintiff and members of the Nationwide Class and California Class have no

adequate remedy at law and are therefore entitled to restitution, disgorgement, and/or the imposition of a constructive trust to recover the amount of Defendant's ill-gotten gains, and/or other sums as may be just and equitable.

## SECOND CLAIM FOR RELIEF
**Violation of California's Unfair Competition Law ("UCL"),
California Business & Professions Code § 17200, *et seq.*
(*For all Classes*)**

47.     Plaintiff hereby incorporates by reference and re-alleges herein the allegations contained in all preceding paragraphs of this complaint.

48.     Plaintiff brings this claim individually and on behalf of the members of the Nationwide Class and California Class against Safeway.

49.     The UCL, Cal. Bus. & Prof Code § 17200, provides, in pertinent part, that "unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising . . . ".

50.     Under the UCL, a business act or practice is "unlawful" if it violates any established state or federal law. Safeway's false and misleading advertising of Class Products was and continues to be "unlawful" because it violates, *inter alia*, the CLRA and the FAL, as alleged herein. As a result of Safeway's unlawful business acts and practices, Safeway has unlawfully obtained money from Plaintiff and members of the Nationwide Class and California Class.

51.     Under the UCL, a business act or practice is "unfair" if the Safeway conduct offends an established public policy, or is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers, as the benefits for committing such acts or practices are outweighed by the gravity of the harm to the alleged victims. Safeway's conduct was and continues to be of no benefit to purchasers of the Class Products, as it is misleading, unfair, unlawful, and is injurious to consumers who rely on the packaging. Deceiving consumers into believing the Class Products are pure avocado oil, when they are not, is of no benefit to consumers. Therefore, Safeway's conduct was and continues to be "unfair." As a result of Safeway's unfair business acts and practices, Safeway has and continues to unfairly obtain money from Plaintiff and members of the Nationwide Class and California Class.

52.     Under the UCL, a business act or practice is "fraudulent" if it actually deceives or is likely to deceive members of the consuming public. Safeway's conduct was and continues to be fraudulent because it has the effect of deceiving consumers into believing Class Products are pure avocado oil. Because Safeway misled Plaintiff and members of the Nationwide Class and California Class, Safeway's conduct was "fraudulent." As a result of Safeway's fraudulent business acts and practices, Safeway has and continues to fraudulently obtain money from Plaintiff and members of the Nationwide Class and California Class.

53.     Plaintiff requests that the Court cause Safeway to restore this unlawfully, unfairly, and fraudulently obtained money to him, and members of the Nationwide Class and California Class, to disgorge the profits Safeway made on these transactions, and to enjoin Safeway from violating the UCL or violating it in the same fashion in the future as discussed herein. Otherwise, Plaintiff and members of the Nationwide Class and California Class may be irreparably harmed and/or denied an effective and complete remedy.

54.     Plaintiff and members of the Nationwide Class and California Class have no adequate remedy at law and are therefore entitled to restitution, disgorgement, and/or the imposition of a constructive trust to recover the amount of Defendant's ill-gotten gains, and/or other sums as may be just and equitable.

### THIRD CLAIM FOR RELIEF
**Violation of California's Consumers Legal Remedies Act**
**California Civil Code § 1750, *et seq.***
**(*For all Classes*)**

55.     Plaintiff hereby incorporates by reference and re-alleges herein the allegations contained in all preceding paragraphs of this complaint.

56.     Plaintiff brings this claim individually and on behalf of the members of the Nationwide Class, California Class, and California Subclass against Safeway pursuant to California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, *et seq.*

57.     The Class Products are a "good" within the meaning of Cal. Civ. Code § 1761(a), and the purchases of the Class Product by Plaintiff  and members of the Nationwide Class and California Class constitute "transactions" within the meaning of Cal. Civ. Code § 1761(e).

58.     Cal. Civ. Code § 1770(a)(5) prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have…" By marketing the Class Products with its current packaging, Safeway has represented and continues to represent that the Class Products have characteristics (i.e., they are pure avocado oil) that they do not have. Therefore, Safeway has violated section 1770(a)(5) of the CLRA.

59.     Cal. Civ. Code § 1770(a)(7) prohibits "[r]espresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another." By marketing the Class Products with their current packaging, Safeway has represented and continues to represent that the Class Products are of a particular standard, quality, or grade (i.e., they are pure avocado oil) which they do not possess. Therefore, Safeway has violated section 1770(a)(7) of the CLRA.

60.     Cal. Civ. Code § 1770(a)(9) prohibits "[a]dvertising goods or services with intent not to sell them as advertised." By marketing the Class Products as pure avocado oil, but not intending to sell Class Products as such (i.e., selling them with the knowledge that they are adulterated), Safeway has violated section 1770(a)(9) of the CLRA.

61.     At all relevant times, Safeway has known or reasonably should have known that its *Avocado Oil Representation* on the Class Product's packaging is false and deceptive, and that Plaintiff and other members of the Nationwide Class and California Class would reasonably and justifiably rely on it when purchasing the Class Products. Nonetheless, Safeway persisted in making the *Avocado Oil Representation* on the Class Products' labels to deceive consumers into believing they are buying and consuming pure avocado oil.

62.     Plaintiff and members of the Nationwide Class and California Class have justifiably relied on Safeway's misleading *Avocado Oil Representation* when purchasing the Class Products. Moreover, based on the materiality of Safeway's misleading and deceptive conduct, reliance may be presumed or inferred for Plaintiff and members of the Nationwide Class and California Class.

63.     Plaintiff and members of the Nationwide Class and California Class have suffered and continue to suffer injuries caused by Safeway because they would have paid less for the Class

Products, or would not have purchased them at all, had they known that the *Avocado Oil Representation* was false.

64.     Accordingly, Plaintiff, on behalf of himself and all other members of the Classes, seeks to enjoin the unlawful acts and practices described herein.

65.     On September 16, 2024, a CLRA demand letter was sent to Safeway's headquarters and registered agent.  This letter provided notice of Safeway's violation of the CLRA, for Plaintiff and the Classes, and demanded that Defendant correct the unlawful, unfair, false and/or deceptive practices alleged here.

## FOURTH CLAIM FOR RELIEF
**Breach of Express Warranty**
**California Commercial Code § 2313**
(***For all Classes***)

66.     Plaintiff hereby incorporates by reference and re-allege herein the allegations contained in all preceding paragraphs of this complaint.

67.     Plaintiff brings this claim individually and on behalf of the members of the proposed Classes against Safeway.

68.     Safeway has expressly warranted on the Class Products' packaging that they are pure avocado oil through the *Avocado Oil Representation*.

69.     This representation about the Class Products is: (a) an affirmation of fact or promise made by Safeway to consumers that Class Products are pure avocado oil; (b) became part of the basis of the bargain to purchase the Class Products when Plaintiff and other consumers relied on the representation; and (c) created an express warranty that the Class Products would conform to the affirmation of fact or promise. In the alternative, the representation about the Class Products is a description of goods which were made as part of the basis of the bargain to purchase the Class Products, and which created an express warranty that the Class Products would conform to the Class Products' description.

70.     Plaintiff and members of the Classes reasonably and justifiably relied on the foregoing express warranties, believing that the Class Products did in fact conform to those warranties.

71.     Safeway has breached the express warranties made to Plaintiff and members of the proposed Classes by failing to produce the Class Products in accordance with the *Avocado Oil Representation*, as expressly warranted on the packaging.

72.     Plaintiff and members of the proposed Classes paid a premium price for the Class Products but did not obtain the full value of the Class Products as represented. If Plaintiff and members of the proposed Classes had known of the true nature of the Class Products, they would not have been willing to pay the premium price charged in the market or would not have purchased them at all. As a result, Plaintiff and members of the Classes suffered injury and deserve to recover all damages afforded under the law.

73.     Within a reasonable amount of time after Plaintiff discovered that Safeway did in fact breach the express warranty, Plaintiff notified Safeway of the breach.

**FIFTH CLAIM FOR RELIEF**
**Breach of Implied Warranty**
**California Commercial Code § 2314 (2)(f)**
(***For all Classes***)

74.     Plaintiff hereby incorporates by reference and re-allege herein the allegations contained in all preceding paragraphs of this complaint.

75.     Plaintiff brings this claim individually and on behalf of the members of the proposed Classes against Safeway.

76.     California's implied warranty of merchantability statute provides that "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." Cal. Com. Code § 2314(1).

77.     California's implied warranty of merchantability statute also provides that "[g]oods to be merchantable must be at least such as . . . (f) [c]onform to the promises or affirmations of fact made on the container or label if any." Cal. Com. Code § 2314(2)(f).

78.     Safeway is a merchant with respect to the sale of the Class Products. Therefore, a warranty of merchantability is implied in every contract for sale of the Class Products to California consumers.

79.     By advertising the Class Products with its current packaging, Safeway made an

implied promise that the Class Products are pure avocado oil. The Class Products do not, however, "conform to the promises…made on the container or label" because they are not pure avocado oil. Plaintiff, as well as consumers, did not receive the goods as impliedly warranted by Safeway to be merchantable.

80.     Therefore, the Class Products are not merchantable under California law and Safeway has breached its implied warranty of merchantability with respect to the Class Products.

81.     If Plaintiff and members of the Classes had known that the Class Products were not pure avocado oil, they would not have been willing to pay the premium price associated with them, or would not have purchased them at all. Therefore, as a direct and/or indirect result of Safeway's breach, Plaintiff and members of the Classes have suffered injury and deserve to recover all damages afforded under the law.

82.     Within a reasonable amount of time after Plaintiff  discovered that Safeway did in fact breach the implied warranty, Plaintiff notified Safeway of the breach.

### SIXTH CLAIM FOR RELIEF
**Intentional Misrepresentation**
(***For all Classes***)

83.     Plaintiff hereby incorporates by reference and re-allege herein the allegations contained in all preceding paragraphs of this complaint.

84.     Plaintiff brings this claim individually and on behalf of the members of the proposed Classes against Safeway.

85.     Safeway marketed the Class Products in a manner indicating that they are pure avocado oil when they are not. Therefore, Safeway has made misrepresentations about the Class Products.

86.     The *Avocado Oil Representation* is material to a reasonable consumer because it relates to the quality, safety, utility, and healthfulness of the Class Products. A reasonable consumer attaches importance to such representations and is induced to act thereon in making purchasing decisions with respect to oil that is consumed—i.e., oil that is used for cooking or consumed raw.

87.     At all relevant times, Safeway knew that the *Avocado Oil Representation* was misleading. Safeway intends for Plaintiff and other consumers to rely on the *Avocado Oil*

*Representation*, as evidenced by Safeway's intentionally and conspicuously placing it on the packaging of the Class Products. In the alternative, Safeway acted recklessly in making the *Avocado Oil Representation* without regard to the truth.

88.     Plaintiff and members of the proposed Classes have reasonably and justifiably relied on Safeway's intentional misrepresentations (i.e., the *Avocado Oil Representation*) when purchasing the Class Products, and had the correct facts been known, would not have purchased them at the prices at which they were sold in the market, or would not have purchased them at all.

89.     Therefore, as a direct and proximate result of Safeway's intentional misrepresentations, Plaintiff and members of the Classes have suffered economic losses and other general and specific damages, including but not limited to the amounts paid for the Class Products, and any interest that would have accrued on those monies, all in an amount to be proven at trial.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the proposed Classes, respectfully prays for following relief:

A.     Certification of this case as a class action on behalf of the Classes defined above, appointment of Plaintiff as Class representatives, and appointment of their counsel as Class counsel;

B.     A declaration that Safeway's actions, as described herein, violate the laws described herein;

C.     An award to Plaintiff and the proposed Classes of restitution and/or other equitable relief, including, without limitation, restitutionary disgorgement of all profits and unjust enrichment that Safeway obtained from Plaintiff and the proposed Classes as a result of its unlawful, unfair and fraudulent business practices described herein;

D.     An award of injunctive and other equitable relief as is necessary to protect the interests of Plaintiff and the Class members, including, *inter alia*, an order prohibiting Safeway from engaging in the unlawful acts described above;

E.     An award of all economic, monetary, actual, consequential, and compensatory damages caused by Safeway's conduct;

F.     An award of punitive damages;

G.  An award of nominal damages;

H  An award to Plaintiff and their counsel of reasonable expenses and attorneys' fees;

I.  An award to Plaintiff and the proposed Classes of pre- and post-judgment interest, to the extent allowable; and

J.  For such further relief that the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of themselves and the proposed Classes, hereby demands a jury trial with respect to all issues triable of right by jury.

DATED: October 8, 2024                    Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:_____
     Brittany S. Scott

Neal J. Deckant (State Bar No. 322946)
Brittany S. Scott (State Bar No. 327132)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone:  (925) 300-4455
Facsimile:  (925) 407-2700
Email:  ndeckant@bursor.com
            bscott@bursor.com

**SMITH KRIVOSHEY, PC**
Yeremey O. Krivoshey (State Bar No. 295032)
166 Geary Street, Ste. 1500-1507
San Francisco, CA 94108
Phone: 415-839-7000
E-Mail:  yeremey@skclassactions.com

**SMITH KRIVOSHEY, PC**
Joel D. Smith (State Bar No. 244902)
867 Boylston Street, 5th Floor, Ste. 1520
Boston, MA 02116
Phone: 617-377-7404
E-Mail:  joel@skclassactions.com

**FARUQI & FARUQI, LLP**
Lisa T. Omoto (State Bar No. 303830)

1901 Avenue of the Stars, Suite 1060
Los Angeles, CA 90067
Telephone: (424) 256-2884
E-Mail:  lomoto@faruqilaw.com

*Attorneys for Plaintiff and the Putative Classes*

**CLRA Venue Declaration Pursuant to California Civil Code Section 1780(d)**

I, Brittany S. Scott, declare as follows:

1.      I am an attorney at law licensed to practice in the State of California and a member of the bar of this Court. I am an associate at Bursor & Fisher, P.A., counsel of record for Plaintiff in this action. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would competently testify thereto under oath.

2.      The Complaint filed in this action is filed in the proper place for trial under Civil Code Section 1780(d) in that a substantial portion of the events alleged in the Complaint occurred in the County of Alameda.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed at Walnut Creek, California this 8th day of October, 2024.

_____
Brittany S. Scott