BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE: AVOCADO OIL MARKETING AND SALES PRACTICES LITIGATION | ) ) ) | MDL No. 3133 |

**INTERESTED PARTY RESPONSE OF DEFENDANT SAFEWAY, INC. IN OPPOSITION TO PLAINTIFFS' MOTION FOR TRANSFER OF ACTIONS**

Pursuant to 28 U.S.C. § 1407 and Rule 6.2(e) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, Defendant Safeway, Inc.[1] submits this Interested Party Response in opposition to the Motion for Transfer of Actions for Coordinated or Consolidated Pretrial Proceedings (the "MDL Motion").

### I.     INTRODUCTION

For the reasons described in numerous oppositions[2] to the MDL Motion, consolidation of these actions is not warranted because it will not produce the efficiencies required by 28 U.S.C. § 1407(a). These lawsuits involve different defendants selling different avocado oil products, with different formulations, which come from different suppliers and countries, and assert claims based on varying purported testing. The differences among the products and the purported testing results on which these lawsuits are based are not superficial. To the contrary, precisely because of these differences, centralization of these cases would prolong pretrial proceedings, in part due to the need for individualized fact and expert discovery. Further, for the same reasons as well as because these cases are brought by different plaintiffs, alleging different state-wide claims, on

---

[1] Safeway is a named party in *Kevin Smith v. Safeway, Inc.*, No. 3:24-cv-07918 (N.D. Cal. Nov. 12, 2024), which was noticed by Plaintiffs as a "potential tag-along action" pursuant to Rule 6.2(d) on November 15, 2024, ECF No. 26.

[2] *See, e.g.*, Defendants Trader Joe's Company, Walmart Inc., and Aldi, Inc.'s Response in Opposition to Plaintiffs' Motion for Transfer, ECF No. 31; Interested Party Response on Behalf of Plaintiffs Ebony Morrison, Brittany Valdovinos, and Edie Golikov, ECF No. 29; Defendants Sovena USA, Inc., Sam's West, Inc., and Sam's East, Inc.'s Opposition to Movants' Motion for Transfer, ECF No. 30.

behalf of different putative classes, pretrial motion practice will involve a variety of unique arguments that cannot be streamlined by centralization. Accordingly, the Panel should deny the MDL Motion.

## II. ARGUMENT

"Proponents of an industry-wide MDL generally have a heavy burden to show that the actions will share sufficient overlap that including them will promote the just and efficient conduct of the litigation." *In re Video Game Addiction Prods. Liab. Litig.*, --- F. Supp. 3d ----, 2024 WL 2884795, at *2 n.5 (J.P.M.L. June 5, 2024) (denying MDL centralization). Actions "lack … common factual questions" when they involve "different products and defendants." *See id.* at *2. Centralization is routinely denied in these circumstances. *See, e.g.*, *In re Benzoyl Peroxide Mktg., Sales Practices & Prods. Liab. Litig.*, --- F. Supp. 3d ----, 2024 WL 3629067, at *2 (J.P.M.L. Aug. 1, 2024) (declining to centralize actions against acne product manufacturers because they related to at least twelve different defendants with products that "vary with respect to their formulations, the quantity of benzoyl peroxide they contain, how the products are packaged and stored, and how they are labeled and marketed"); *In re Proton-Pump Inhibitor Prods. Liab. Litig.*, 273 F. Supp. 3d 1360, 1361-62 (J.P.M.L. 2017) (where the "named defendants vary from action to action … [c]entralization … appears unlikely to serve the convenience of most, if not all, defendants and their witnesses"); *In re Cordarone (Amiodarone Hydrochloride) Mktg., Sales Practices & Prods. Liab. Litig.*, 190 F. Supp. 3d 1346, 1347 (J.P.M.L. 2016) ("Given the different defendants sued in these actions, centralization appears unlikely to serve the convenience of a substantial number of parties and their witnesses."). This is, in part, because "[t]he variance in named defendants virtually ensures that a significant amount of the discovery will be defendant-specific." *In re Cordarone (Amiodarone Hydrochloride)*, 190 F. Supp. 3d at 1347; *see also In re Covid-19 Bus. Interruption Prot. Ins. Litig.*, 482 F. Supp. 3d 1360, 1362 (J.P.M.L. 2020) (because "[t]here is no common defendant in these actions … there is little potential for common discovery across the litigation").

Centralization is not appropriate here for the same reasons. For example, the different actions rely on purported testing that produced different outcomes for different products. Thus, each defendant will have unique factual and legal defenses, both at the pleading stage and on the merits. For example, many of these actions rely on the findings of a University of California, Davis study and Washington Post article[3] discussing that study's findings. *See, e.g.*, *Smith v. Safeway, Inc.*, No. 3:24-cv-07918 (N.D. Cal.), ECF No. 1-2 at ¶¶ 27-28. That study and article in fact highlight the differences among the various products at issue in these lawsuits. The article concluded that certain products might contain "[h]igh oleic sunflower or safflower oil," or "tested impure," while other products—including Safeway's Signature Select 100% Avocado Oil product—simply "[f]ailed both fatty acid and sterol tests," which is not necessarily an indicator of adulteration with other oils. These key differences will result not only in different pleadings challenges available to different defendants, but also impact what testing is at issue in discovery and on the merits and thus weigh strongly against centralization. *See, e.g.*, *In re Benzoyl Peroxide*, 2024 WL 3629067, at *2 (declining centralization where discovery as to testing "will be defendant-specific"); *see also In re Tropicana Orange Juice Mktg. & Sales Practices Litig.*, 867 F. Supp. 2d 1341, 1342 (J.P.M.L. 2012) (denying industry-wide centralization where "[s]eparate discovery would be necessary as to each defendant's products and processes").

Moreover, the Panel routinely declines centralization where, as here, the cases "involve different defendants, marketing different … products, and involve different state regulations subject to different legal challenges by the defendants." *In re Honey Prod. Mktg. & Sales Practices Litig.*, 883 F. Supp. 2d 1333, 1333 (J.P.M.L. 2012). Here, the actions are brought by different plaintiffs, alleging different state-wide claims, on behalf of different putative classes. Thus, the "'common questions of fact' required for centralization simply are not present." *See In re Mortg. Indus. Foreclosure Litig.*, 996 F. Supp. 2d 1379, 1379 (J.P.M.L. 2014); *In re*

---

[3] *See* Anahad O'Connor and Aaron Steckleberg, *Why your avocado oil may be fake and contain other cheap oils*, THE WASHINGTON POST, https://www.washingtonpost.com/wellness/2024/08/27/avocado-oil-adulteration-tests/ (Aug. 27, 2024).

*Tropicana Orange Juice*, 867 F. Supp. 2d at 1342 (denying "industry-wide" centralization of actions involving "different products, subject to potentially different methods of pasteurizing and processing, different advertisements, and different putative classes of consumers who purchased each product"); *In re Credit Union Checking Account Overdraft Litig.*, 158 F. Supp. 3d 1363, 1364 (J.P.M.L. 2016) (denying centralization where "each action is brought against a different credit union on behalf of a different class").

"In this instance, centralizing these … single-defendant cases likely would result in significant inefficiencies and delay, without producing any substantial offsetting benefits." *In re CP4 Fuel Pump Mktg. Sales Practices, & Prods. Liab. Litig.*, 412 F. Supp. 3d 1365, 1367 (J.P.M.L. 2019).

### III. CONCLUSION

For the foregoing reasons, and the reasons described in the numerous other oppositions, Safeway respectfully requests that the Panel deny the MDL Motion.

Dated: November 22, 2024         VENABLE LLP

By: */s/ Amit Rana*
Amit Rana, Esq.
Antonia I. Stabile, Esq.
101 California Street, Suite 3800
San Francisco, CA 94111
Telephone:   415.653.3750
Facsimile:   415.653.3755
Email:       arana@venable.com
Email:       aistabile@venable.com

Caitlin C. Blanche, Esq.
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone:   310.229.9900
Facsimile:   310.229.9901
Email:       cblanche@venable.com

**Attorneys for Defendant Safeway, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2024, I caused the foregoing to be served electronically and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing service to CM/ECF participants registered to receive service in this matter.

Dated:  November 22, 2024              VENABLE LLP

                                       By:  /s/ Amit Rana
                                            Amit Rana, Esq.
                                            Attorneys for Defendant Safeway, Inc.