UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: AVOCADO OIL MARKETING AND
SALES PRACTICES LITIGATION                                              MDL No. 3133

ORDER DENYING TRANSFER

**Before the Panel:**[*]  Plaintiffs in six actions move under 28 U.S.C. § 1407 to centralize this litigation in the Northern District of Illinois or, alternatively, the District of Massachusetts or the Eastern District of California.  The litigation consists of nine putative class actions pending in seven districts, as listed on Schedule A. The Panel has been notified of one potentially-related action. All plaintiffs other than movants oppose centralization.  All defendants[1] also oppose centralization, although Trader Joe's Company and Walmart Inc. alternatively suggest centralization in the Central District of California.

On the basis of the papers filed and the hearing session held, we conclude that Section 1407 centralization is not necessary for the convenience of the parties and witnesses or to further the just and efficient conduct of the litigation.  Plaintiffs are purchasers of products labeled as avocado oil who allege that the oils also contained other, cheaper seed or vegetable oils.  All but one of the actions were filed in the wake of an August 2024 WASHINGTON POST article that cited the results of a 2023 study conducted by researchers at the University of California at Davis regarding impurities in avocado oil.  Plaintiffs maintain that they would not have purchased the products, or would have paid less for them, had they known they were adulterated.  They assert claims for violation of state consumer protection laws, as well as various claims for breach of express or implied warranty, fraudulent or negligent misrepresentation, and breach of quasi-contract.

Movants argue that the actions share common questions of fact regarding whether defendants' avocado oil products contain other oils, whether the products' marketing and labeling misrepresent the contents of the oils, whether typical consumers would regard such misrepresentations as material, and whether any misrepresentations were knowing and intentional. Yet virtually every action is brought against a different defendant and asserts claims based on only the named defendant's brand of avocado oil, marketing, and labeling.  Movants maintain that at

---

[*] Judge Matthew F. Kennelly did not participate in the decision of this matter.  In addition, one or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

[1] Sovena USA, Inc.; Sam's West, Inc.; Sam's East, Inc.; Target Corporation; SFM, LLC; Aldi, Inc.; Safeway, Inc; Trader Joe's Company; and Walmart Inc.

least some of the products likely are sourced from a common supplier, but they provide no support for this assertion, and plaintiffs in only two actions claim to have purchased the same brand of avocado oil from different defendants.  The images reproduced in the various complaints show significant distinctions in the labeling.  For example, although all labels appear to list avocado oil as the sole ingredient, only some of the labels represent that the products are "100%" or "pure" avocado oil.  There are further variations as to the products' countries of origin.  Movants argue that expert discovery and evidence regarding consumer perception of the claims in the labeling will be common across all actions, but this seems doubtful given the differences in labeling.  Movants also contend that common questions of fact will arise as to the UC Davis study, but the results of that testing—which evaluated 36 samples of oil and produced widely varying results regarding their chemical profiles—suggest that the oils came from many different sources.  While there may be some common discovery regarding how the testing was conducted and the standards applied by the researchers,[2] it appears likely that defendants will retain separate experts and conduct separate testing as to their respective products.

Other considerations weigh against centralization.  The Panel has "typically [been] skeptical of requests to centralize claims filed against multiple defendants who are competitors in a single MDL because it often will not promote judicial efficiency or serve the convenience of the parties and witnesses."  *In re Secondary Ticket Mkt. Refund Litig.*, 481 F. Supp. 3d 1345, 1346 (J.P.M.L 2020).  Plaintiffs here do not allege that the defendants have conspired in any way.  None of the cases names multiple defendants, and all seek damages for economic losses incurred in purchasing only the named defendant's product; thus, plaintiffs do not allege an indivisible injury caused by multiple defendants' products or conduct.  All responding parties oppose centralization.  Despite the Panel's repeated admonition that centralization should be the "last solution after considered review of all other options," movants here have made no effort to discuss the feasibility of informal coordination or other alternatives to centralization.  *See In re Gerber Probiotic Prods. Mktg. & Sales Pracs. Litig.*, 899 F. Supp. 2d 1378, 1379 (J.P.M.L. 2012) (internal citation omitted).  Notably, seven of the ten actions were brought by the same slate of counsel representing movants, and the other three actions were brought by a single firm.  If common areas of discovery exist, coordination should be feasible in these circumstances.

Plaintiffs argue that our order centralizing the *Parmesan Cheese* litigation is comparable.  *See In re 100% Grated Parmesan Cheese Mktg. & Sales Pracs. Litig.*, 201 F. Supp. 3d 1375 (J.P.M.L. 2016).  The *Parmesan Cheese* plaintiffs alleged that the products they purchased were marketed as "100% grated parmesan cheese" but in fact contained a substantial amount of fillers.  While there are similarities between the actions, several considerations that favored centralization in *Parmesan Cheese* are not present here.  All defendants' products were labeled "100%" grated parmesan cheese; many of the actions were brought against multiple defendants and involved

---

[2]   According to the August 2024 WASHINGTON POST article, the U.S. Food and Drug Administration (FDA) has not adopted an official "standard of identity" for avocado oil, and apparently no such standard currently exists.  *See* Anahad O'Connor*, et al.*, *Why your avocado oil may be fake and contain other cheap oils,* WASH. POST, Aug. 27, 2024.  The UC Davis study states that the standards applied there were in the process of being developed by the international standard development organization CODEX Alimentarius.

- 3 -

multiple defendants' products; there was a "significant common supplier issue," as one defendant implied that it supplied many of the defendants; and all defendants indicated they would raise the applicability and impact of FDA regulations governing the labeling and composition of grated parmesan cheese products. *Id.* at 1377-78. In addition, virtually all responding parties in *Parmesan Cheese* supported centralization (with differences only as to whether the MDL should be industry-wide).[3] Lastly, the *Parmesan Cheese* litigation comprised nearly 50 actions (including 33 potential tag-along actions) and plaintiffs in most actions did not share counsel. *Id.* at 1377. None of these features is present here.

It is therefore ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

Nathaniel M. Gorton                David C. Norton
Roger T. Benitez                   Dale A. Kimball
Madeline Cox Arleo

---

[3] The exception was one *pro se* plaintiff in a potential tag-along action. *Id.* at 1377 n.3. Three motions for centralization had been filed by other parties.

IN RE: AVOCADO OIL MARKETING AND
SALES PRACTICES LITIGATION                                    MDL No. 3133

## SCHEDULE A

<u>District of Arizona</u>

MILAN v. SFM LLC, C.A. No. 2:24-cv-02642

<u>Central District of California</u>

MORRISON v. SOVENA USA, INC., C.A. No. 2:24-cv-08144
GOLIKOV v. WALMART INC., C.A. No. 2:24−08211
VALDOVINOS v. TARGET CORPORATION, C.A. No. 2:24−08572

<u>Eastern District of California</u>

HAWKINS v. WALMART, INC., C.A. No. 1:24−00374

<u>Northern District of California</u>

SMITH, ET AL. v. TRADER JOES COMPANY, C.A. No. 3:24−06834

<u>Northern District of Illinois</u>

DAWAR v. SAM'S WEST, INC., ET AL., C.A. No. 1:24−09106

<u>District of Massachusetts</u>

ZAJAC, ET AL. v. THE STOP & SHOP HOLDINGS, INC., C.A. No. 1:24−12512

<u>Southern District of New York</u>

FROST v. ALDI INC., C.A. No. 1:24−07095